Bettman, J.
 

 These two related actions have a common purpose — to arrest the submission to the electorate of a proposed amendment to the Cincinnati city .Charter. The validity of the ordinance directing the board of elections to submit the proposed amendment to the voters is attacked on grounds falling into two general categories: First, that the proposed
 
 charter amendment
 
 providing for the acquisition of a public utility by the city of Cincinnati would, if adopted, contravene Sections 4 and 5 of Article XVIII of the Constitution of Ohio, since Section 5 provides that “any municipality proceeding to acquire * * * a public utility
 
 *
 
 # # shall act by
 
 ordinance * *
 
 second, that there are certain alleged fatal defects connected with the filing and signing of the petitions requesting the enactment of the ordinance of submission. In this second ground of attack, aimed at deficiencies in the petitions proceedings, are included the alleged failure to comply with Sections 4227-1, 4227-6 and 4227-8, General Code,
 
 *501
 
 and a claim that the preamble to the ordinance, reciting that it was passed in response to petitions signed by-ten per cent of the electors was erroneous, because the petitions did not in fact bear that number of valid signatures.
 

 As for the first ground, that the proposed charter amendment, if passed, would be in contravention of the Constitution of Ohio, it need only be said that it is prematurely raised in these actions. This court has repeatedly held that it will not interfere with the legislative process, either by mandamus or by injunction, to prevent the enactment of laws, simply because it is claimed that such legislation when passed will be unconstitutional.
 
 Pfeifer
 
 v.
 
 Graves, Secy, of State,
 
 188 Ohio St., 473, 104 N. E., 529;
 
 State, ex rel. Marcolin,
 
 v.
 
 Smith, Secy. of State,
 
 105 Ohio St., 570, 138 N. E., 881. This refusal to determine the constitutionality of measures that have not yet been passed is general in its application, extending as well to proposed amendments to the fundamental law of the body politic, as to ordinary statutes and ordinances.
 
 Weinland
 
 v.
 
 Fulton, Secy. of State,
 
 99 Ohio St., 10, 121 N. E., 816;
 
 State, ex rel. Ammerman,
 
 v.
 
 Sprague,
 
 117 Ohio St., 289, 158 N. E., 548. We hold therefore that the question whether the charter amendment here involved will be constitutional, when and if approved by the electors, is prematurely raised and not judicially cognizable.
 

 The arguments addressed to the deficiencies in the petitions proceedings raise a different question. If compliance with certain provisions for filing and signing the petitions is a necessary preliminary step, and has not in fact been complied with, the court may intervene to prevent the submission of the amendment to the electorate and to stop the expenditure of public funds.
 
 City of Cincinnati
 
 v.
 
 Hillenbrand,
 
 103 Ohio St., 286, 133 N. E., 556. The Court of Appeals in the cases at bar, held, however, that there was no occasion for judicial intervention, predicating its decision on the
 
 *502
 
 ground that any defects in the petitions proceedings were immaterial because the ordinance in question was in fact passed by more than a two-thirds vote of council. This decision was based on
 
 State, ex rel. McCormick, v. Fouts,
 
 103 Ohio St., 345, 132 N. E., 729.
 

 It is contended in this court that the
 
 Fonts case, supra,
 
 is distinguishable from the cases at bar because in the former there was no reference to any petitions in the ordinance, and its passage could therefore as well be ascribed to the voluntary action of council as to the constitutional duty of council to act upon the filing of petitions. It is pointed out that the preamble to the ordinance in the cases at bar recites: “Whereas there have been filed with the clerk of council petitions signed by ten per centum of the electors, * * * now, therefore, be it ordained * * Notwithstanding this express reference to the petitions in the ordinance, we do not believe it the function of the judicial arm of government to speculate upon or determine whether council would have taken the same action had there been no petitions filed, or had council been apprised of the alleged insufficiency of signatures on the petitions.
 

 Council had the unquestioned power under Section 9, Article XVIII of the Constitution of Ohio, to enact this legislation by a two-thirds vote without any petitions. The court will not examine into the motives, whether expressed or unexpressed, which may have induced the exercise of this power. It is not within the judicial province to nullify a statute or ordinance merely because of the alleged impropriety or mistaken beliefs underlying the legislators’ reasons for enacting it.
 
 Fletcher
 
 v.
 
 Peck,
 
 10 U. S. (6 Cranch), 87, 3 L. Ed., 162. Nor do we believe that under our concept of the separation of governmental powers a court can command a legislative body to repeal its enactment simply because it appears that there is some error in the facts which were stated in the preamble as the reason for the enactment. The rectification of such a mistake, if mistake it
 
 *503
 
 be, must be sought from the legislative body itself and not from the courts. We therefore hold that the Court of Appeals correctly applied the doctrine of
 
 State, ex rel. McCormick,
 
 v.
 
 Fouts, supra,
 
 to the cases at bar.
 

 Council officially adopted as its own the finding of its law committee that, “Based upon the method adopted by your committee, the committee finds that sufficient valid signatures have been signed to the petitions presented to council to require submission of the issue .presented to the electorate.” In the absence of any constitutional provision for the method by which the sufficiency of the signatures on the petitions shall be determined, this court has held, in the case of
 
 State, ex rel. Waltz,
 
 v.
 
 Michell,
 
 124 Ohio St., 161, 177 N. E., 214, that this is an administrative determination to be made by council alone.
 

 The court in the
 
 Michell case, supra,
 
 stated at page 164 of its opinion: “It is quite clear that the duty and responsibility of determining the sufficiency of such petitions [to amend a city charter] are conferred upon the city council, and that upon the finding of insufficiency of such petitions, the court will not issue a writ of mandamus requiring a submission of the proposed amendment to the electors, unless it clearly and affirmatively appears that the finding of council in that respect had resulted from fraud, corruption or a gross abuse of discretion.” In that case mandamus to compel submission of a charter amendment was refused even though council’s finding that there were not enough names was based on the clerk’s rather highhanded and wholesale method of invalidating signatures. We can see no reason why, if council’s determination is final that there are insufficient signatures to warrant submission, its determination should not likewise be final that there are sufficient signatures to require submission. And this is so even though, as is claimed in the case at bar, it could be shown by some more thorough method of checking than was used by
 
 *504
 
 council, that there were not in fact enough signatures.
 

 It is not claimed that the method of “spot checking” was fraudulent. Nor upon careful examination of the relevant facts can we say that a claim of abuse of discretion has been established.
 

 Finally, a writ of mandamus cannot be issued to control the discretion of public officials. Section 12285, General Code;
 
 State, ex rel. Coen,
 
 v.
 
 Industrial Commission,
 
 126 Ohio St., 550, 186 N. E., 398;
 
 State, ex rel. Christman et al., Bd. of Edn.,
 
 v.
 
 Skinner, Dir. of Education,
 
 127 Ohio St., 55, 186 N. E., 738. We know of no authority for issuing a writ, such as is sought by relator in cause No. 28852, commanding the legislative branch of government to enact legislation repealing prior legislation.
 

 The judgments of the Court of Appeals denying the writ in cause No. 28852, and refusing the injunction in cause No. 28853 are affirmed.
 

 Judgments affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.