Stewart, J.
From the foregoing statement of facts, it is apparent that the questions which confront us are, one, were the plaintiffs taking part in politics when they circulated the parts of the initiative petition? two, if they were taking part in politics, *117 did that vitiate the petition which otherwise conformed fully to the laws of Ohio and the charter of Shaker Heights? and, three, was the determination by the council of the city that the parts of the petition, having been circulated in violation of law, final as to the rights of plaintiffs to have council proceed further with the petition in accordance with the steps provided in the city charter?
As we have said, the Court of Common Pleas determined that the plaintiffs were taking part in politics when they circulated the parts of the petition but that their actions did not invalidate it, and that the defendants improperly failed to process and continue the proceedings in accordance with the charter.
Defendants argue that the decision of the Common Pleas Court is erroneous for the reason that under the charter if the council rejects the proposed ordinance the committee of the petitioners will be compelled to file an additional petition signed by at least two per cent of the registered electors of the city in order to secure a vote upon the ordinance, and that this will mean that plaintiffs will be required to further breach the law in order to accomplish their purpose.
However, in view of the conclusion to which we have come, it is not necessary for us to consider the second question.
Were plaintiffs taking part in politics when they circulated the parts of the petition?
Section 486-23, General Code (Section 143.41, Revised Code), reads as follows:
“Political activity prohibited. No officer, employee, or subordinate in the classified service of the state, the several counties, cities and city school districts thereof, shall directly or indirectly, orally or by letter, solicit or receive, or be in any manner concerned in soliciting or receiving any assessment, subscription or contribution for any political party or for any *118 candidate for public office; nor shall any person solicit directly or indirectly, orally or by letter, or be in any manner concerned in soliciting any snch assessment, contribution or payment from any officer, employee or subordinate in the classified service of the state, the several counties, cities or city school districts thereof; nor shall any officer or employee in the classified service of the state, the several counties, cities, and city school districts thereof be an officer in any political organization or take part in politics other than to vote as he pleases and to express freely his political opinions.”
It will be observed that in the foregoing statute the first thing that is prohibited is the soliciting of contributions for a political party or a candidate for public office. This seems to indicate that the statute has reference to partisan politics, whether Bepublican, Democratic, independent, or otherwise. The latter part of the statute prohibits one in the classified service from being an officer in a political organization or taking part in politics, and the query is, is taking part in politics confined to partisan politics or is there a broader meaning so as to cover the activities of plaintiffs in the present case?
The word, “politics,” has two different definitions. In Funk & Wagnalls New Standard Dictionary (1952), the word, “politics,” is defined as “1 — the branch of civics that treats of the principles of civil government and the conduct of state affairs; the administration of public affairs in the interest of peace, prosperity and safety of the state; statecraft; political science; in a wide sense embracing the science of government and civil polity; (2) political affairs in a party sense; the administration of public affairs or the conduct of political matters so as to carry elections and secure public office; party intrigues; political wirepulling; trickery.”
*119 The first definition above covers the activities of plaintiffs, but the second does not.
The statute does not define what it means by “politics” except that, since it refers to solicitations for political parties or for candidates for public office, and also to political organizations, it seems that the expression, “take part in politics,” was intended to cover only the activities embraced in the second definition. Then, too, when we consider the purpose of the legislation, it seems to be concerned only with partisan politics.
It is a matter of common knowledge that before civil service legislation was enacted, police and fire departments were exclusively under “political” control. The party in power could hire or fire at will in those departments, without any particular regard to fitness or any other characteristic except the partisan political activity and services of those who were to make up the personnel of the departments. Because such a system was deemed to be a great evil and prevented the building up of police and fire departments based upon fitness, security of tenure of position, and freedom from political control, civil service legislation was passed not only to insure such latter objectives but also to prevent those in classified civil service employment from being in any way obligated to political parties or civic officers for civil service positions, or from having the power to ingratiate themselves with the parties or elected officials by political activity.
Where legislation is silent as to the meaning of a word contained therein, and that word has both a wide and a restricted meaning, courts, in interpreting such legislation, must give such word a meaning consistent with other provisions of the legislation and of the objective to be achieved thereby. Under such logic, the word, “politics,” as used in Section 486-23 *120 must be defined as politics in its narrower partisan sense, and, therefore, the activities of plaintiffs in circulating the parts of the initiative petition did not constitute taking part in politics as that term is used in the statute.
It follows that there is now on file with the city council of Shaker Heights an entirely proper and legal petition for the initiation of an ordinance.
Defendants’ counsel admitted in open court that, if the petition had been circulated by citizens not in the service of the city, the council would unquestionably have had the proposed ordinance read and referred to an appropriate committee and further processed in conformance with section 1, article III of the city charter.
The remaining question before us is whether the action of the city council in rejecting the petition is final.
Defendants maintain that the case of State, ex rel. Gongwer, v. Graves, Secy, of State, 90 Ohio St., 311, 107 N. E., 1018, is dispositive of that question. The third paragraph of the syllabus in that case reads as follows:
“The Secretary of State, when acting as state supervisor of elections, has the authority to hear and determine the sufficiency and validity of all petitions filed with him under the provisions of Section lc of Article II of the Constitution of this state, and his decision thereon is final, unless such decision has been fraudulently or corruptly made or procured, or unless he has been guilty of an abuse of discretion.”
That paragraph of the syllabus must be read in connection with the facts of the case in which it was pronounced.
The circulators of the parts of the petition with which the Gongwer case was concerned were guilty of such a systematic course of fraud and forgery in pro *121 curing and writing names thereon and of wilfully and intentionally swearing to false affidavits attached thereto, and genuine names were proffered so shortly before the date of the next general election, that the question of their correctness could not be heard and determined in time to submit the question with which the petition was concerned to the electors of the state at such election, and, therefore, the court was powerless to afford the relator relief, even though the Secretary of State had abused his discretion in rejecting the additional names.
In the present case, where it is conceded that the petition is in every way sufficient to conform to the law and was rejected only because of what we decide was an error upon the part of the council as to the law, it would seem a matter of grave injustice if plaintiffs, through no fault of their own, were precluded from their rights under the law and charter of the city.
It is true that in the absence of fraud or gross abuse of discretion, ordinarily a determination by a legislative authority of a municipality as to the sufficiency of signatures on a petition is conclusive. State, ex rel. Kittel, a Taxpayer, v. Bigelow et al., Council, 138 Ohio St., 497, 37 N. E. (2d), 41. However, in the present case there is no difference of opinion as to the absolute correctness of the petition filed by plaintiffs, and it would seem, therefore, that it would be at least a technical abuse of discretion if the city council now refused to further process the petition, an abuse of discretion in no way reprehensible or involving wrong motives.
For the reasons stated, the judgment of the Court of Appeals must be, and it hereby is, affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman and Bell, JJ., concur.