VISCONSI–ROYALTON, LIMITED et al., Appellees,

v.

CITY OF STRONGSVILLE, Appellant.

[Cite as *Visconsi–Royalton, Ltd. v. Strongsville* (2001), 146 Ohio App.3d 287.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 79206.

Decided Oct. 9, 2001.

*Mansour, Gavin, Gerlack & Manos, Bruce G. Rinker, Anthony J. Coyne* and *Eli Manos,* for appellees.

*Reminger & Reminger Co., Clifford C. Masch* and *Brian D. Sullivan; John D. Ryan,* for appellant.

TIMOTHY E. McMONAGLE, Presiding Judge.

Defendant-appellant city of Strongsville appeals the judgment of the Cuyahoga County Common Pleas Court granting the motion for summary judgment filed by plaintiffs-appellees, Visconsi–Royalton, Ltd. and Aveni–Miller, Ltd., LLC (collectively referred to as "appellees"), which declared the current zoning classification of a parcel of property owned by appellees unconstitutional and rezoned the same parcel consistent with terms contained in an agreed judgment entry. For the reasons that follow, we reverse and remand.

A review of the record reveals that appellees are the owners of a forty-nine-acre parcel of property that borders Interstate 71 to the east and Royalton Road to the south. As it was when appellees purchased this property in 1993, thirty-

four acres located in the northern-most portion of this parcel are presently classified as single-family residential: nine acres are classified as office building and the remaining six acres located in the southernmost portion bordering Royalton Road are classified as motorist service. Seeking to have most of this property reclassified as general business, appellees approached Strongsville officials with its rezoning proposal. When it did not receive the reclassification it sought, appellees filed the within declaratory judgment action seeking a declaration that the current zoning classification is constitutionally infirm and that its proposed use of the property is permitted. Appellees also sought compensation for violation of its civil rights and for the taking of its property.

The parties eventually executed an agreed judgment entry, which states that Strongsville's city council "has introduced legislation to rezone the lots and lands" at issue. In particular, three ordinances were introduced proposing the following classification changes: (1) Ordinance 2000–119, from residential to general business and public facilities, subject to voter approval according to Strongsville's charter; (2) Ordinance 2000–121, from office building to general business and public facilities; and (3) Ordinance 2000–122, from motorist service to general business.

The agreed entry thereafter provided:

"The parties hereby stipulate and agree that, if the foregoing legislation is adopted by City Council and, as required by the Strongsville Charter for the proposed changes in land use from RI–75 use classifications, is approved by the electorate of Strongsville, the parties will enter into, carry out and perform a development agreement governing the use and development of the lots and lands at issue * * *."

This development agreement, if executed, was to include provisions for (1) a buffer that would screen current residential use from the proposed general business use, (2) a donation of seventeen acres of land for park purposes, (3) performance of a traffic study and implementation of the study's recommendations, and (4) submission of other documents and plans for the proposed development. The agreed entry further provides that should Strongsville not reclassify the property as proposed in the ordinances, then appellees could petition the court to challenge the constitutionality of the current zoning restrictions.

The record reflects that the voters did not approve the rezoning of the residential property, nor did city council adopt the legislation as outlined in the foregoing ordinances. Appellees thereafter filed their motion for summary judgment, arguing that their proposed use of the property is appropriate and consistent with Strongsville's 1990 comprehensive plan. They further requested the court to enforce the agreed judgment entry. Appellees presented no argument regarding their claims for violations of their civil rights or that the

present zoning classification constituted an unconstitutional taking. Strongsville opposed the motion and filed its cross-motion for summary judgment wherein it maintained that the present zoning classification passes constitutional muster.

In its entry granting appellees' motion and denying Strongsville's, the court opined:

"First, the Court finds, beyond fair debate, that the prohibition of the use of [appellees'] property for General Business purposes as enunciated in the Agreed Judgment Entry is arbitrary, capricious, unreasonable and contravenes the right to property guaranteed to [appellees] by the Constitutions of the United States of America and the State of Ohio. This finding is consistent with the seminal case of *Euclid v. Ambler Realty Co.* (1926), 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303." (Citations omitted.)

The court thereafter determined that the agreed judgment entry "is the appropriate zoning for the property":

"[Appellees'] Complaint for Declaratory Judgment requests that the Court declare the existing zoning in its totality invalid and unconstitutional. The Court hereby makes that declaration, but also requires that [appellees] adhere to the terms of the Agreed Judgment Entry whereby, among other provisions, 17 acres of the subject property along its northerly boundary be designated for public park purposes and be conveyed to the Cleveland Metropolitan Park District or the City of Strongsville.

"* * *

"[The Court] concurs with the argument made by the City of Strongsville that the final imposition of land use restrictions may be a choice of reasonable alternatives best left to the legislative body; however, this choice was in fact duly made by the Strongsville City Council, who gave careful consideration to the Agreed Judgment Entry before its adoption, with the concurrence of the Strongsville Planning Commission and other qualified City officials."

The court concluded that the current zoning of appellees' property contravenes the right to property guaranteed under the United States and Ohio Constitutions. It thereafter adopted the agreed judgment entry as its final order and rezoned the forty-nine-acre parcel consistent with proposed Ordinances 2000–119, 2000–121, and 2000–122, which it incorporated into its order. The court subsequently dismissed as moot the remaining counts of appellees' complaint, which were their claims for civil rights' violations and for the unconstitutional taking of their property.

Strongsville is now before this court and assigns two errors for our review.

## I

In its first assignment of error, Strongsville contends that the trial court erred in granting appellees' motion for summary judgment and finding the current zoning classification unconstitutional beyond fair debate.

An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, citing *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus; see, also, Civ.R. 56(C).

While subject to constitutional scrutiny, zoning ordinances are presumed to be constitutional. *Goldberg Cos., Inc. v. Richmond Hts. City Council* (1998), 81 Ohio St.3d 207, 209, 690 N.E.2d 510. It is the party challenging the constitutionality of a particular zoning ordinance that bears the burden of proving that the ordinance is unconstitutional beyond fair debate. *Id.*

In clarifying the test to be employed when analyzing the constitutionality of a zoning ordinance, the *Goldberg* court stated:

"Therefore, we reinstate the test set forth in *Euclid v. Ambler* [ (1926), 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303] and hold that a zoning regulation is presumed to be constitutional unless determined by a court to be clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community. The burden of proof remains with the party challenging an ordinance's constitutionality, and the standard of proof remains 'beyond fair debate.' " *Id.* at 214, 690 N.E.2d 510.

On the other hand, when it is alleged that an ordinance interferes with that landowner's use of the property so as to constitute a taking of that property, the landowner must prove that enforcement of the ordinance has denied the landowner the economically viable use of his or her property. *Goldberg,* 81 Ohio St.3d at 210, 690 N.E.2d 510, citing *Agins v. Tiburon* (1980), 447 U.S. 255, 100 S.Ct. 2138, 65 L.Ed.2d 106; see, also, *Shemo v. Mayfield Hts.* (2000), 88 Ohio St.3d 7, 9, 722 N.E.2d 1018.

In this case, appellees alleged in their complaint that the ordinance deprived them economically viable uses of their property. They did not, however, argue this issue in their motion for summary judgment in the court below or support

their motion with documentary evidence that could be construed even vaguely as support for such an argument. While appellees did, nonetheless, address this issue in their appellate brief, we will not consider this argument for the first time on appeal. *State v. Awan* (1986), 22 Ohio St.3d 120, 22 OBR 199, 489 N.E.2d 277, syllabus. Consequently, this court's only inquiry need be whether the ordinance was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Goldberg,* 81 Ohio St.3d at 213, 690 N.E.2d 510.

■ Here, appellees' argument focuses on the proposed use of the property rather than the existing zoning classification. Their argument is premised on the compatibility between their proposed use and Strongsville's long-term comprehensive plan. In their motion for summary judgment, appellees state:

"Therefore, the political controversy of this debate has dealt not so much with whether the zoning scheme is constitutional, but what will take its place. That which arguably is 'fairly debatable,' therefore, has not involved the inappropriateness of the existing zoning, but the appropriateness of the configuration for development to replace it. [Appellees] thus submit to this Court that the fairly debatable standard has become academic."

This standard, however, is not merely academic. The *Goldberg* court was clear in its directive that it is the *existing* zoning classification that appellees must prove beyond fair debate to be arbitrary and unreasonable, and to bear no substantial relation to the public health, safety, morals, or general welfare.

In turn, the trial court must analyze the zoning ordinance as to whether appellees satisfied this burden of proof. What we find in this case, however, is that the trial court likewise focused on the *proposed use* as opposed to the existing zoning classification. Reiterating, the trial court opined "that the prohibition of the use of [appellees'] property for General Business purposes as enunciated in the Agreed Judgment Entry is arbitrary, capricious, unreasonable and contravenes the right to property * * *."

It is not whether the prohibition against the *proposed use* is arbitrary or unreasonable but whether the *existing* zoning classification is so. Consequently, genuine issues of material fact remain as to whether the existing zoning classification is arbitrary, unreasonable, and without substantial relation to the public health, safety, morals, or general welfare of the community. The trial court, therefore, erred when it granted appellees' motion for summary judgment.

Strongsville's first assignment of error is well taken and is sustained.

## II

Strongsville's second assignment of error challenges the trial court's decision adopting a zoning classification that it considered consistent with the agreed judgment entry. Due to our disposition of the first assignment of error, we need not address this assigned error. See App.R. 12(A)(1)(c).

We note, however, that the trial court unabashedly states in its opinion that the agreed entry changed the zoning, implying that Strongsville agreed to the zoning reclassification. This is not supported by the record. The agreed entry merely states that Strongsville and its city council *introduced* legislation to rezone appellees' property. If adopted and approved, where required, by the electorate, the parties would execute a development agreement in accordance with the agreed entry. Nowhere in the agreed entry does Strongsville concede the rezoning of appellees' property.

*Judgment reversed*
*and cause remanded.*

KENNETH A. ROCCO and JAMES D. SWEENEY, JJ., concur.