JOURNAL ENTRY AND OPINION
{¶ 1} Relators aver that they are residents and taxpayers in the City of Strongsville ("City"). Respondents are Thomas Perciak — Mayor of Strongsville (the "Mayor"), the City and Peter J. Corrigan, a judge of the court of common pleas who is assigned to hear the underlying case, Visconsi-Royalton Ltd. v.Strongsville, Cuyahoga County Court of Common Pleas Case No. CV-361394. Case No. CV-361394 challenges the zoning for certain property in Strongsville. Relators — who are not parties to Case No. CV-361394 — bring this action as a taxpayer's action under R.C. 733.58 and 733.59. They request that this court issue a writ of mandamus which would prevent the City from going forward under a resolution and an agreed judgment entry which would resolve Case No. CV-361394. Relators also request that this court compel respondent Judge to vacate the agreed judgment entry.
 {¶ 2} Respondents Mayor and City have filed a motion to dismiss as has respondent Judge. For the reasons stated below, we grant respondents' motions to dismiss and dismiss this action.
 {¶ 3} Visconsi-Royalton Ltd. and Aveni-Miller Ltd., LLC (collectively, "V-R") requested that the City reclassify the zoning for certain real property in Strongsville from single family residential to general business. After V-R did not receive the requested rezoning, V-R filed Case No. CV-361394, a "declaratory judgment action seeking a declaration that the current zoning classification is constitutionally infirm and that its proposed use of the property is permitted. [V-R] also sought compensation for violation of its civil rights and for the taking of its property." Vinsconsi-Royalton, Ltd. v. Strongsville
(2001), 146 Ohio App.3d 287, 289, 765 N.E.2d 971 ("V-R I").
 {¶ 4} In V-R I, the court of common pleas granted V-R's motion for summary judgment and "declared the current zoning classification of a parcel of property owned by appellees unconstitutional and rezoned the same parcel consistent with terms contained in an agreed judgment entry." Id. at 288. The agreed judgment entry required approval by the electorate of the rezoning, but the voters rejected the rezoning. The court of common pleas: found that the prohibition against the use of the property for general business purposes violated the Constitutions of the United States and Ohio; adopted the agreed judgment entry; and rezoned the 49 acres at issue. Id. at 290. The City appealed. This court reversed the judgment and remanded the case and observed that the analysis of the court of common pleas was flawed because "[i]t is not whether the prohibition against the proposed use is arbitrary or unreasonable but whether the existing zoning classification is so." Id. at 292.
 {¶ 5} On remand, the court of common pleas "held that [V-R] failed to prove beyond a fair debate that the zoning in place was arbitrary, capricious and unreasonable without substantial relation to the public health, safety, morals, or general welfare." Visconsi-Royalton, Ltd. v. Strongsville, Cuyahoga App. No. 83128, 2004-Ohio-4908, at ¶ 7 ("V-R II"). This court, however, determined that the trial court erred and that the decision of the court of common pleas was contrary to the manifest weight of the evidence. Id. at 32. As a consequence, the judgment of the court of common pleas was reversed and the case was remanded:
"The trial court is hereby directed to determine whether theR-1-75 single-family zoning of the Visconsi property denies theowners economically viable use of the land. In addition, if thetrial court finds a denial of the economically viable use of theland, it is to permit the owners to introduce evidence of thecompensation to which they are entitled by reason of thedeprivation caused by their inability to devote the property toprofitable use."
 {¶ 6} Id at. ¶ 37. Cf. State ex rel. Shemo v. MayfieldHts., 95 Ohio St.3d 59, 63, 2002-Ohio-1627, 765 N.E.2d 345
("* * * a compensable taking can occur either if the application of the zoning ordinance to the particular property is constitutionally invalid, i.e., it does not substantially advance legitimate state interests, or denies the landowner all economically viable use of the land").
 {¶ 7} On remand, V-R and the City agreed to resolve the controversy and respondent Judge signed an agreed judgment entry ordering the parties' agreement into effect. The City's action was approved by City Council in Resolution No. 2005-128. In the judgment entry, V-R and the City agreed that "General Business" uses would be permitted. Also, they agreed that approximately 17 acres (closest to a residential area) would be conserved.
 {¶ 8} Relators aver that this action was brought under the authority of R.C. 733.58 and 733.59. R.C. 733.58 provides: "In case an officer or board of a municipal corporation fails to perform any duty expressly enjoined by law or ordinance, the village solicitor or city director of law shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of the duty." R.C. 733.59 provides, in part: "If the village solicitor or city director of law fails, upon the written request of any taxpayer of the municipal corporation, to make any application provided for in sections 733.56 to 733.58 of the Revised Code, the taxpayer may institute suit in his own name, on behalf of the municipal corporation."
 {¶ 9} Relators aver that, approximately two days after the journalization of the agreed judgment entry discussed above, their counsel made a written demand on the law director of the City to prevent city officials from enacting or implementing Resolution No. 2005-128. Relators also aver that they "have requested the City [to] abide by its Charter and Ordinances and procedurally change the zoning as required by law, and the respondents have neglected to do so." Complaint, ¶ 16.
 {¶ 10} The fundamental criteria for issuing a writ of mandamus are well-established:
"In order to be entitled to a writ of mandamus, relator mustshow (1) that he has a clear legal right to the relief prayedfor, (2) that respondents are under a clear legal duty to performthe acts, and (3) that relator has no plain and adequate remedyin the ordinary course of the law. State, ex rel. National CityBank v. Bd. of Education (1977), 52 Ohio St. 2d 81,369 N.E.2d 1200."
 {¶ 11} State ex rel. Harris v. Rhodes (1978),54 Ohio St. 2d 41, 42, 374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie. Relief in mandamus is not appropriate in doubtful cases. Griffin v.Angelotta, Cuyahoga App. No. 84400, 2004-Ohio-2167, at ¶ 2.
 {¶ 12} In both motions to dismiss, respondents argue that the nature of the relief which relators are requesting is that of declaratory judgment and a prohibitory injunction.
"* * *, "[I]f the allegations of a complaint for a writ ofmandamus indicate that the real objects sought are a declaratoryjudgment and a prohibitory injunction, the complaint does notstate a cause of action in mandamus and must be dismissed forwant of jurisdiction." State ex rel. Grendell v. Davidson(1999), 86 Ohio St.3d 629, 634, 1999 Ohio 130, 716 N.E.2d 704.In order to divine the true objects of relators' mandamus action,"we must examine [their] complaint `to see whether it actuallyseeks to prevent, rather than to compel, official action.'"State ex rel. Cunningham v. Amer Cunningham Co., L.P.A.(2002), 94 Ohio St.3d 323, 324, 2002 Ohio 789, 762 N.E.2d 1012,quoting State ex rel. Stamps v. Montgomery Cty. Automatic DataProcessing Bd. (1989), 42 Ohio St.3d 164, 166,538 N.E.2d 105."
 {¶ 13} State ex rel. Satow v. Gausse-Milliken,98 Ohio St.3d 479, 2003-Ohio-2074, 786 N.E.2d 1289, at ¶ 13, quoted with approval in State ex rel. Internatl. Heat Frost Insulators andAsbestos Workers Local #3 v. Court of Common Pleas of CuyahogaCty., Cuyahoga App. No. 85116, 2006-Ohio-274, at ¶ 21. InSatow, the relators challenged the constitutionality of 2002 Sub. H.B. No. 329 and requested that the Supreme Court issue a writ of mandamus preventing that legislation from going into effect. "[T]he Supreme Court specifically noted that, although the relators characterized the action as seeking a judgment compelling the performance of affirmative duties, the nature of the relief was actually that of declaratory judgment and prohibitory injunction. Id. at ¶ 14." State ex rel. Internatl.Heat Frost Insulators, supra.
 {¶ 14} In this action, relators characterize this action as an attempt to get the City and the Mayor to abide by the Charter. Specifically, Strongsville City Charter, Article VIII, Section 6, permits the rezoning of property classified as single family residential (in this case, R1-75) to another classification only by approval of the electorate. Respondents do not dispute that, in 2000, the voters of Strongsville rejected reclassifying the property in question. Relators contend, therefore, that respondents City and Mayor lack the authority to approve Resolution No. 2005-128 — which would permit non-residential use of the property, because the electors of Strongsville already rejected a proposal to reclassify the property to non-residential use. As a consequence, relators insist that mandamus is required to compel the City and the Mayor to abide by the Charter and the vote of the people.
 {¶ 15} Relators argue that this case is analogous to Stateex rel. Zupancic v. Limbach (1991), 58 Ohio St.3d 130,568 N.E.2d 1206, in which the relators challenged the constitutionality of a statute which would change the apportionment formula for public utility property values. The Supreme Court determined that declaratory judgment and mandatory injunction would not provide as complete relief as would a writ of mandamus compelling the respondent tax commissioner to follow the apportionment formula in the prior law in conjunction with a prohibitory injunction. Relators argue, therefore, that mandamus is the only way they can get relief requiring the City and the Mayor to abide by the Charter. We note, however, that this court has previously questioned whether the Supreme Court has reexamined the holding in Zupancic and State ex rel. OhioAcademy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451,1999-Ohio-123, 715 N.E.2d 1062 (finding Am. Sub. H.B. No. 350 — regarding civil justice reform — unconstitutional in toto, and granting the writs of prohibition preventing the implementation of various provisions in Am. Sub. H.B. No. 350 and mandamus requiring that courts follow established rules and other authorities). See State ex rel. Internatl. Heat FrostInsulators, supra, at ¶ 9.
 {¶ 16} At its core, relators' action against the City and the Mayor is a challenge to legislation, specifically Resolution No. 2005-128. Among the forms of relief which relators request from this court are:
"1. That resolution No. 2005-128 and the Judgment Entryattached to it be declared void, invalid, in violation of theCity's charter and an abuse of the corporate powers of the Cityand violation of the laws of the State of Ohio.
 "2. That Defendants and their employees, agents andrepresentatives be permanently enjoined from taking anyaction to implement Ordinance No. 2005-128 and the JudgmentEntry."
 {¶ 17} Complaint, ad damnum clause. That is, relators are using this action to prevent Resolution No. 2005-128 from becoming effective. Respondents contend that the nature of the relief which relators are requesting is really that of a declaratory judgment and prohibitory injunction. We agree.
 {¶ 18} Relators fundamentally challenge the propriety of the actions of the Mayor and the City Council in passing Resolution No. 2005-128, approving through counsel the agreed judgment entry authorized by Resolution No. 2005-128 and acting upon it by implementing the terms of the agreed judgment entry. Respondents, however, argue that the City has discretion to enact legislation for the purpose of resolving a dispute. See, e.g., State ex rel.Kittel v. Bigelow (1941), 138 Ohio St. 497, 37 N.E.2d 41, 21 O.O. 380, paragraph 4 of the syllabus ("A writ of mandamus will not issue to control the discretion of the legislative authority of a municipality."); Cincinnati Union Depot Terminal Co. v.Cincinnati (1922), 105 Ohio St. 311, 1 Ohio Law Abs. 13, 137
N.E. 14 (City Council had the power to return a franchise fee as a settlement after revoking the franchise); Beerman v. Fortman
(July 21, 1981), Montgomery App. No. 6991, at 9 ("The authority of a city council to settle a pending lawsuit is not questioned."). Relators respond, however, that — despite Resolution No. 2005-128 — council and the Mayor lack the authority to act contrary to the Charter. "No ordinance can conflict with the provisions of a city charter and be effective."Reed v. Youngstown (1962), 173 Ohio St. 265, 181 N.E.2d 700, 19 O.O.2d 119, paragraph two of the syllabus.
 {¶ 19} At first glance, the authorities cited by respondents appear to be incompatible with those cited by relators. Yet, this apparent incompatibility actually emphasizes the absence of either a clear legal duty for respondents to act or a clear legal right to relief for relators. Not only did Kittel reject the use of mandamus as a proper remedy but the other authorities —Cincinnati Union Depot, Beerman and Reed (which is cited by relators) — did not arise as original actions. Rather, in each of them the plaintiffs sought an injunction. Obviously, these circumstances prevent us from concluding either that relators have a clear legal right to relief against the City and the Mayor or that those two respondents have a clear legal duty to act as relators request.
 {¶ 20} Relators also seek relief in mandamus to compel respondent Judge to vacate the judgment entry which would implement the parties' resolution of Case No. CV-361394. In Case No. 83128, this court observed that zoning in Strongsville is to be in accordance with the City's Comprehensive Plan. Case No. 83128 at ¶ 18. This court also noted: "The plan further contemplates this area [at the intersection of an interstate and a state route] becoming devoted to commercial uses and the elimination of the incompatible R-1-75 single-family zoning of the Visconsi property. This increased devotion to commercial use is exactly what has occurred in the immediate area over the last ten-plus years." Case No. 83128 at ¶ 20 (footnote deleted).
 {¶ 21} Relators argue that relief in mandamus compelling respondent Judge to vacate the agreed judgment entry is appropriate because that entry is not consistent either with this court's determination in Case No. 83128 regarding the Comprehensive Plan or with the mandate directing the trial court to determine whether R1-75 zoning denies the owners economically viable use of their lands and, if so, to permit the owners to introduce evidence of the compensation to which they would be entitled.
"Absent extraordinary circumstances, such as an interveningdecision by the Supreme Court, an inferior court has nodiscretion to disregard the mandate of a superior court in aprior appeal in the same case. ( State, ex rel. Potain, v.Mathews, 59 Ohio St. 2d 29, 32, approved and followed.)"
 {¶ 22} Nolan v. Nolan (1984), 11 Ohio St.3d 1,462 N.E.2d 410, syllabus, quoted with approval in State ex rel. Sharif v.McDonnell, 91 Ohio St.3d 46, 47, 2001-Ohio-240, 741 N.E.2d 127. This statement in the Nolan syllabus explains the law-of-the-case doctrine and "[m]andamus * * * is an appropriate remedy to enforce the law-of-the-case doctrine." Sharif, supra, at 47-48 (citations deleted).
 {¶ 23} Relators contend that — upon remand after Case No. 83128 — the law-of-the-case doctrine limited respondent Judge to considering the issue of the economic viability of the property given R1-75 zoning and, if appropriate, taking evidence on compensation. In relators' view, relief in mandamus is appropriate because respondent Judge exceeded the scope of his authority upon remand by approving the parties' agreed judgment entry.
 {¶ 24} Respondents argue, however, that a trial court has discretion to accept a settlement agreement of the parties.
"Thus, when the parties enter into an in-court settlementagreement, so long as the court is satisfied that it was notprocured by fraud, duress, overreaching or undue influence, thecourt has the discretion to accept it without finding it to befair and equitable. Settlement agreements are favored in thelaw."
 {¶ 25} Walther v. Walther (1995), 102 Ohio App.3d 378, 383,657 N.E.2d 332 (emphasis added), quoted with approval inVasilakis v. Vasilakis (June 20, 1996), Cuyahoga App. No. 68763, at 5. See also DiGuilio v. DiGuilio, Cuyahoga App. No. 81860, 2003-Ohio-2197, ¶ 33 and 34. Of course, mandamus "may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914." State ex rel. Madorsky v. Buchanan, Cuyahoga App. No. 87753, 2006-Ohio-3682, at ¶ 5.
 {¶ 26} As was the case with the parties' arguments regarding the propriety of mandamus with respect to the City and the Mayor, we must reconcile the authorities cited by relators as a basis for relief in mandamus with those cited by respondents which recommend against granting relief. That is, although relator contends that there is clear authority regarding the obligation of respondent Judge to act in conformity with the mandate in Case No. 83128, respondents have supported their arguments with authorities requiring that this court decline to grant relief because the conduct which relators challenge is within the discretion of respondent Judge. Once again, these circumstances prevent us from concluding either that relators have a clear legal right to relief against respondent Judge or that he has a clear legal duty to act as relators request.
 {¶ 27} We hold, therefore, that the nature of this action is actually that of one seeking declaratory judgment and prohibitory injunction rather than mandamus because relators are attempting to prevent official action. Likewise, we hold that, because the conduct which relators challenge is within the discretion of the respondents, we cannot conclude that relators have a clear legal right to relief or that respondents have a clear legal duty to act as relators have requested.
 {¶ 28} Accordingly, respondents' motions to dismiss are granted. Relators to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Complaint dismissed.
Anthony O. Calabrese, Jr., and Michael J. Corrigan, J., concur.