THE STATE EX REL. PYLE, APPELLANT, *v.* BESSEY, JUDGE, APPELLEE.

[Cite as *State ex rel. Pyle v. Bessey*, **112 Ohio St.3d 119, 2006-Ohio-6514.**]

*Writs of mandamus and procedendo sought to compel trial court to permit discovery and conduct a trial on the merits of an arbitration issue — Writ of prohibition sought to prevent trial court from issuing further orders denying discovery and a trial on the merits — Court of appeals' denial of writs affirmed.*

(No. 2006-1115 ─ Submitted November 29, 2006 ─ Decided December 27, 2006.)

APPEAL from the Court of Appeals for Franklin County,

No. 05AP-394, 2006-Ohio-2047.

_____

**Per Curiam.**

{¶ 1}   This is an appeal from a judgment dismissing claims for writs of mandamus, procedendo, and prohibition to compel a trial court judge to permit discovery and to conduct a trial on the issue of whether a valid and enforceable arbitration agreement exists between the parties in an underlying case.[1]   Because appellant is collaterally estopped from raising his claims and the appellate court's mandate was not patently and unambiguously disregarded, we affirm.

{¶ 2}   On June 7, 1999, appellant, Walter D. Pyle, obtained a loan from Wells Fargo Financial in order to buy a used truck.   Pyle also entered into an involuntary-unemployment credit-insurance agreement underwritten by Centurion Casualty Company.   Under the insurance agreement, Wells Fargo purchased a

_____

[1] The following facts are taken from the court of appeals' decisions in *Pyle v. Wells Fargo Financial*, Franklin App. No. 05AP-644, 2005-Ohio-6478, and *Pyle v. Wells Fargo Financial*, Franklin App. No. 04AP-6, 2004-Ohio-4892.

collateral protection insurance policy from Centurion on Pyle's behalf and increased Pyle's monthly loan payments to cover the policy cost.

{¶ 3} Shortly after buying the truck, Pyle lost his job and was unable to make payments on the loan. Wells Fargo repossessed the truck, sold it at an auction, and obtained a deficiency judgment against Pyle and his father, who had cosigned for the loan.

{¶ 4} In January 2003, Pyle filed an action in the Franklin County Court of Common Pleas against Wells Fargo and Centurion alleging misrepresentation, breach of contract, bad faith, civil conspiracy, and violations of the Ohio Consumer Sales Practices Act, R.C. 1395.01 et seq., and the Truth in Lending Act, Section 1601 et seq., Title 15, U.S.Code. In February 2003, Wells Fargo and Centurion filed a motion to compel arbitration and to stay or dismiss the case; they claimed that Pyle executed two arbitration agreements that encompassed all of Pyle's claims. In May 2003, Wells Fargo and Centurion filed a motion to stay discovery. In November and December 2003, the trial court granted the motion to compel arbitration and dismissed the case subject to arbitration.

{¶ 5} Pyle appealed the trial court's judgment, and on September 16, 2004, the court of appeals held that (1) the trial court was not required to hold a hearing or trial on the motion to stay the proceedings pending arbitration, (2) the trial court was required to conduct a trial before ruling on the motion to compel arbitration, and (3) the trial court erred in finding that the discovery motions were moot. *Pyle v. Wells Fargo Financial*, Franklin App. No. 04AP-6, 2004-Ohio-4892, ¶ 13, 19, 20 ("*Pyle I*"). The court of appeals reversed the judgment of the trial court and remanded the cause to the trial court for further proceedings consistent with the opinion. Id. at ¶ 22.

{¶ 6} On remand, Wells Fargo and Centurion withdrew their motion to compel arbitration and renewed their motion to stay the proceedings pending arbitration. On March 22, 2005, without a hearing, the trial court granted the

motion to stay the proceedings pending arbitration and denied Pyle's requests for discovery.

{¶ 7} On appeal from the March 22, 2005 judgment, Pyle asserted that the trial court ignored the law of the case and the court of appeals' mandate in *Pyle I*. On December 6, 2005, the court of appeals affirmed the judgment of the trial court on remand. *Pyle v. Wells Fargo Financial*, Franklin App. No. 05AP-644, 2005-Ohio-6478 ("*Pyle II*").

{¶ 8} On April 21, 2005, while his appeal in *Pyle II* was pending, Pyle filed a petition in the Court of Appeals for Franklin County for writs of mandamus and procedendo to compel appellee, Judge John P. Bessey, who presides over the common pleas court case, to permit discovery and conduct a trial on the merits of the arbitration issue. Pyle also requested a writ of prohibition to prevent Judge Bessey from issuing further orders denying discovery and a trial on the merits of the arbitration issue. Pyle claimed that Judge Bessey was disregarding the court of appeals' mandate in *Pyle I*. Judge Bessey submitted an answer. The court of appeals stayed further proceedings in the writ case pending its resolution of *Pyle II*.

{¶ 9} On January 23, 2006, after *Pyle II* had been decided, the court of appeals magistrate issued a decision recommending that Pyle's petition for the various writs be dismissed because the court's decision in *Pyle II* had collaterally estopped Pyle from raising his claims. Pyle objected to the magistrate's decision. Pyle claimed that *Pyle II* was incorrectly decided and that *Pyle I* controlled the case. On April 25, 2006, the court of appeals overruled Pyle's objections, adopted the magistrate's decision, and dismissed Pyle's petition.

{¶ 10} In his appeal as of right, Pyle asserts that the court of appeals erred in dismissing his petition. For the reasons that follow, Pyle's contentions lack merit.

**{¶ 11}** First, collateral estoppel barred Pyle from raising his claims that Judge Bessey failed to adhere to the court of appeals' ruling in *Pyle I*. "[C]ollateral estoppel prevents parties from relitigating in a subsequent case facts and issues that were fully litigated in a previous case." *State ex rel. Stacy v. Batavia Local School Dist. Bd. of Edn.*, 97 Ohio St.3d 269, 2002-Ohio-6322, 779 N.E.2d 216, ¶ 16. The court of appeals had already considered and rejected these claims in *Pyle II*, which was decided before the court of appeals dismissed Pyle's writ claims. Pyle had an adequate remedy by discretionary appeal from *Pyle II* to raise his contention that *Pyle II* was wrongly decided. On April 26, 2006, however, we refused to accept Pyle's discretionary appeal from *Pyle II*. 109 Ohio St.3d 1424, 2006-Ohio-1967, 846 N.E.2d 534.

**{¶ 12}** Second, the court of appeals, in its decision in *Pyle II*, did not patently and unambiguously disregard its mandate in *Pyle I*. The court of appeals was in the best position to determine whether Judge Bessey violated its mandate in *Pyle I*, and it concluded that he had not done so by affirming his judgment in *Pyle II* and dismissing Pyle's writ action. See, e.g., *State ex rel. Borden v. Hendon*, 96 Ohio St.3d 64, 2002-Ohio-3525, 771 N.E.2d 247, ¶ 9; *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 13.

**{¶ 13}** Based on the foregoing, the court of appeals properly dismissed Pyle's writ action. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

PFEIFER, J., dissents and would reverse the judgment of the court of appeals.

_____

Law Offices of James P. Connors and James P. Connors, for appellant.

Ron O'Brien, Franklin County Prosecuting Attorney, and Mary Jane Martin, Assistant Prosecuting Attorney, for appellee.

_____