THE STATE EX REL. OBOJSKI ET AL., APPELLANTS,
*v.* PERCIAK, MAYOR, ET AL., APPELLEES.

[Cite as *State ex rel. Obojski v. Perciak,*
113 Ohio St.3d 486, 2007-Ohio-2453.]

(No. 2006–2121—Submitted May 2, 2007—Decided June 6, 2007.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a complaint for a writ of mandamus (1) to declare void, invalid, and illegal a resolution of the city of Strongsville, Ohio, and an agreed judgment entry resolving a pending common pleas court case, (2) to permanently enjoin the city and its mayor as well as the common pleas court judge from implementing the resolution and the judgment entry, and (3) to compel the common pleas court judge to vacate the judgment entry in accordance with a court of appeals' mandate. We affirm the judgment of the court of appeals.

{¶ 2} Visconsi–Royalton, Ltd. and Aveni–Miller, Ltd., L.L.C., are the owners of approximately 48 acres of land in appellee city of Strongsville, Ohio. According to court opinions from the long history of this litigation, the property was zoned as follows: approximately five acres were classified as motorist service district, nine acres as office business district, and the remaining 34 acres as single-family residential. See *Visconsi–Royalton, Ltd. v. Strongsville,* Cuyahoga App. No. 83128, 2004-Ohio-4908, 2004 WL 2071522, ¶ 2. After city officials denied the owners' request to have most of their property rezoned to the general business classification to permit them to build hotels, restaurants, offices, a theater, and

other retail facilities, the owners filed an action in the Cuyahoga County Common Pleas Court for a declaration that the existing zoning on their property was unconstitutional. Id. at ¶ 2–3; see, also, *Visconsi–Royalton, Ltd. v. Strongsville* (2001), 146 Ohio App.3d 287, 289, 765 N.E.2d 971.

{¶ 3} The parties to the case entered into a settlement agreement to rezone the property to the "general business" and "public facilities" classifications. Id. at 289, 765 N.E.2d 971. The agreement, however, was contingent upon the electorate's approving the rezoning of the residential property to general business, and the electors rejected the proposed rezoning on November 7, 2000. Id. at 289, 765 N.E.2d 971; *Visconsi–Royalton,* 2004-Ohio-4908, 2004 WL 2071522, ¶ 3.

{¶ 4} The common pleas court then entered a judgment finding the existing zoning on the property to be unconstitutional and rezoned the property in accordance with the parties' previous agreement. See *Visconsi–Royalton,* 146 Ohio App.3d 287, 765 N.E.2d 971. On appeal, however, the court of appeals reversed and remanded the cause to the common pleas court. On remand, the common pleas court held the existing zoning on the property to be constitutional. See *Visconsi–Royalton,* 2004-Ohio-4908, 2004 WL 2071522, ¶ 7.

{¶ 5} On appeal, in September 2004, the court of appeals reversed the judgment of the common pleas court and remanded the cause to that court for further proceedings consistent with the opinion. See id. The court of appeals held that the common pleas court's finding that the existing zoning of the property was constitutional was against the manifest weight of the evidence and instructed the common pleas court to determine whether the unconstitutional residential zoning denied the owners economically viable use of their land:

{¶ 6} "The trial court is hereby directed to determine whether the R–1–75 single-family zoning of the Visconsi property denies the owners economically viable use of the land. In addition, if the trial court finds a denial of the economically viable use of the land, it is to permit the owners to introduce evidence of the compensation to which they are entitled by reason of the deprivation caused by their inability to devote the property to profitable use." Id. at ¶ 37.

{¶ 7} On remand, the owners and the city agreed to settle the litigation, and appellee Cuyahoga County Common Pleas Court Judge Peter J. Corrigan entered a judgment on June 7, 2005, which incorporated the parties' agreement. Under the terms of the entry, signed by the owners and the city, the owners would be permitted to engage in primarily general business uses, with the condition that 17 acres remain in their natural state to serve as a buffer to nearby residential properties. Strongsville adopted Resolution No. 2005–128, which approved the entry and authorized the law director and special counsel to execute the entry on behalf of the city.

{¶ 8} On June 9, 2005, shortly after the common pleas court had entered the agreed judgment entry, appellants—three residents and taxpayers of Strongsville—demanded that the law director have Resolution No. 2005–128 "declared invalid, void, unconstitutional and an abuse of the City's corporate powers" and that he "restrain and enjoin the City officials * * * from entering into or implementing Resolution 2005–128."

{¶ 9} Three months later, appellants filed a complaint in mandamus in the court of appeals naming appellees, the city and its mayor and Judge Corrigan, as respondents. Appellants requested the following relief: (1) a declaration "[t]hat Resolution No. 2005–128 and the Judgment Entry attached to it [are] void, invalid, in violation of the City's Charter and an abuse of corporate powers of the City and in violation of the laws of the State of Ohio," (2) an order permanently enjoining appellees "from taking any action to implement Ordinance No. 2005–128 and the Judgment Entry," (3) a writ of mandamus instructing appellees "to abide by the Charter and Ordinances of the City mandating procedures requiring the submission of the zoning change to both the Planning Commission and electors," (4) a writ of mandamus ordering the city to abide by the court of appeals' mandate in *Visconsi–Royalton*, 2004-Ohio-4908, 2004 WL 2071522, "to follow the Comprehensive Plan and its amendments with regard to the zoning modification," (5) a writ of mandamus ordering the common pleas court to vacate the agreed judgment entry, "which failed to abide by the Comprehensive Plan" and the court of appeals' mandate, and (6) a writ of mandamus ordering the court of appeals to remand the case "to the electors of the City of Strongsville and to abide by the Charter and Ordinances." Appellees filed motions to dismiss the mandamus complaint, and appellants filed memoranda in opposition.

{¶ 10} The court of appeals granted appellees' motions and dismissed the mandamus complaint. *State ex rel. Obojski v. Perciak*, Cuyahoga App. No. 87007, 2006-Ohio-5238, 2006 WL 2831027.

{¶ 11} This cause is now before us upon appellants' appeal as of right.

### Mandamus in the Nature of a Declaratory Judgment and Prohibitory Injunction

{¶ 12} In their mandamus complaint, appellants primarily requested that the resolution and agreed judgment entry implementing the settlement of the litigation between Strongsville and the landowners be declared void and that the city and its mayor as well as Judge Corrigan be enjoined from implementing the resolution and judgment entry.

{¶ 13} It is axiomatic that "if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in manda-

mus and must be dismissed for want of jurisdiction." *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 634, 716 N.E.2d 704. In assessing the true nature of appellants' mandamus claim, we must examine their complaint to determine whether they "actually seek[ ] to prevent, rather than to compel, official action." *State ex rel. Stamps v. Montgomery Cty. Automatic Data Processing Bd.* (1989), 42 Ohio St.3d 164, 166, 538 N.E.2d 105; *State ex rel. Kuhar v. Medina Cty. Bd. of Elections,* 108 Ohio St.3d 515, 2006-Ohio-1079, 844 N.E.2d 1179, ¶ 7.

{¶ 14} Although some of the allegations contained in appellants' complaint are couched in terms of compelling affirmative duties, appellants' own terminology in the request for relief in their complaint establishes that the primary relief they request is (1) a judgment declaring that Resolution No. 2005–128 and the agreed judgment entry are invalid, void, and illegal and (2) a prohibitory injunction preventing appellees from implementing the resolution and judgment entry. Because appellants seek relief in the nature of declaratory judgment and prohibitory injunction, both this court and the court of appeals lack jurisdiction over their purported mandamus claim. *State ex rel. Evans v. Blackwell,* 111 Ohio St.3d 1, 2006-Ohio-4334, 854 N.E.2d 1025, ¶ 19.

## Mandamus to Comply with Court of Appeals' Mandate

{¶ 15} Appellants also requested a writ of mandamus to compel appellees to comply with the court of appeals' mandate in *Visconsi–Royalton,* 2004-Ohio-4908, 2004 WL 2071522.

{¶ 16} To be sure, a writ of mandamus is appropriate to require a lower court to comply with and not to proceed contrary to the mandate of a superior court. *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 394, 678 N.E.2d 549. "[T]he use of extraordinary relief to enforce a judgment is not widespread," however, "because of the availability of other means of enforcement, e.g., motion for contempt." *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 14.

{¶ 17} Appellants had an adequate remedy in the ordinary course of law by way of a motion to intervene in the case and either filing a motion for contempt for refusal to obey the court of appeals' mandate or appealing from the agreed judgment entry to the court of appeals. See, e.g., *State ex rel. Denton v. Bedinghaus,* 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99, ¶ 28 (motion to intervene and appeal from any adverse judgment constituted an adequate remedy in the ordinary course of law that precludes writ of mandamus); *State ex rel. Gaydosh v. Twinsburg* (2001), 93 Ohio St.3d 576, 578, 757 N.E.2d 357 (appeal of an order denying intervention after a final judgment is an adequate remedy in the ordinary course of law that bars a writ of mandamus).

{¶ 18} Moreover, the court of appeals was in the best position to determine whether the common pleas court and Strongsville had violated its mandate in *Visconsi–Royalton*, 2004-Ohio-4908, 2004 WL 2071522. *State ex rel. Pyle v. Bessey*, 112 Ohio St.3d 119, 2006-Ohio-6514, 858 N.E.2d 383, ¶ 12. By dismissing appellants' mandamus action, the court of appeals concluded, in effect, that appellees had not. Id. Notwithstanding appellants' argument to the contrary, the court of appeals' mandate in the previous case did not include any specific direction for Judge Corrigan to compel Strongsville to comply with the city's comprehensive zoning plan. Cf. *Visconsi–Royalton*, 2004-Ohio-4908, 2004 WL 2071522, ¶ 37. Finally, the court of appeals did not suggest in its previous opinion that a subsequent settlement of the case could not obviate the mandate.

## Mandamus to Control Legislative and Judicial Discretion

{¶ 19} The city had discretion to execute the settlement agreement, and the court had discretion to adopt it. See, e.g., *Laituri v. Nero* (2000), 138 Ohio App.3d 348, 351, 741 N.E.2d 228 ("the city has the discretion to evaluate a case and determine that a settlement * * * is in the best interest of its citizens"); *Walther v. Walther* (1995), 102 Ohio App.3d 378, 383, 657 N.E.2d 332 ("In the absence of fraud, duress, overreaching or undue influence, or of a factual dispute over the existence of terms in the agreement, the court may adopt the settlement as its judgment").

{¶ 20} Insofar as appellants sought writs of mandamus to control the city's and the common pleas court judge's exercise of discretion, their claims lacked merit. See *State ex rel. Kittel v. Bigelow* (1941), 138 Ohio St. 497, 21 O.O. 380, 37 N.E.2d 41, paragraph four of the syllabus ("A writ of mandamus will not issue to control the discretion of the legislative authority of a municipality"); *State ex rel. Rashada v. Pianka*, 112 Ohio St.3d 44, 2006-Ohio-6366, 857 N.E.2d 1220, ¶ 3 ("mandamus will not lie to control judicial discretion, even if that discretion is abused"); R.C. 2731.03.

## Mandamus to Vacate Agreed Judgment Entry

{¶ 21} Appellants claim that they are entitled to a writ of mandamus to vacate the agreed judgment entry because the common pleas court patently and unambiguously lacked jurisdiction to enter the judgment approving the settlement agreement and rezoning of the property. "If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition and mandamus will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12.

{¶ 22} Appellants assert that Judge Corrigan lacked jurisdiction to approve a settlement agreement that violated the city charter provision requiring voter

approval of a change in residential zoning. But any errors by Judge Corrigan in the underlying case "would be mere errors in the exercise of jurisdiction rather than errors establishing the lack of subject-matter jurisdiction; these errors are not remediable by extraordinary writ." See *State ex rel. CNG Financial Corp. v. Nadel,* 111 Ohio St.3d 149, 2006-Ohio-5344, 855 N.E.2d 473, ¶ 19.

## Mandamus to Order Court of Appeals to Remand Case to Electors and to Abide by Charter and Ordinances

{¶ 23} Appellants also claimed entitlement to a writ to compel the court of appeals to remand the case to the electors and to abide by the city charter and ordinances. Appellants did not, however, name the court of appeals as a respondent in its complaint, and that court could not issue a writ against itself.

## Conclusion

{¶ 24} Based on the foregoing, the court of appeals did not err in dismissing appellants' mandamus complaint. Appellants' purported mandamus claim was an ill-disguised claim for declaratory and injunctive relief, and the court of appeals was in the best position to determine whether the appellees had complied with its mandate in a previous case. In addition, mandamus is inappropriate to control judicial and legislative discretion. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

Groh–Wargo Co., L.P.A., and Frank J. Groh–Wargo, for appellants.

Kenneth A. Kraus, Strongsville Law Director, and Daniel J. Kolick, Assistant Law Director; Taft, Stettinius & Hollister, L.L.P., Margaret Anne Cannon, and Stephen M. O'Bryan, for appellees Mayor Thomas Perciak and city of Strongsville.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee Cuyahoga County Court of Common Pleas Court Judge Peter J. Corrigan.

Mansour, Gavin, Gerlack & Manos Co., L.P.A., Anthony J. Coyne, Eli Manos, and Bruce G. Rinker, urging affirmance for amici curiae, Visconsi–Royalton, Ltd. and Aveni–Miller Ltd., L.L.C.