SEELEY, APPELLANT, *v.* RAHE ET AL., APPELLEES.

[Cite as Seeley *v.* Rahe (1985), 16 Ohio St. 3d 25.]

(No. 84-289—Decided March 27, 1985.)

*Firmin & Sprague Co., L.P.A., Mr. John C. Firmin* and *Mr. Thomas P. Kemp,* for appellant.

*Messrs. Oxley, Malone, Fitzgerald & Hollister* and *Mr. Dennis M. Fitzgerald,* for appellees Marlene Rahe and Kelly L. Rahe.

*Meredith, Meredith, Tait & Basinger Co., L.P.A.,* and *Mr. James E. Meredith,* for appellee William D. Freeman.

DOUGLAS, J. Appellant has presented us with three issues. The first issue is whether the defense of sudden emergency is available to a

---

[1] Marlene Rahe is the parent of the minor defendant, Kelly Rahe, and the owner of the car driven by Kelly Rahe.

[2] Thomas S. Craig, the driver of one of the cars involved in the accident, was found to be not negligent by the jury. He is not a party to the instant appeal.

motorist who comes upon a patch of ice causing him to lose control of his car and skid into another vehicle.

This issue is not properly before the court and, therefore, we give it no consideration. There is nothing in the record to show that the defense of sudden emergency was considered by the jury or by the trial court. Since the issue was not presented to, or passed upon by the trial court, we decline to consider the question. *Kimball* v. *Kimball Bros.* (1944), 143 Ohio St. 500 [28 O.O. 425].

The second issue raised by appellant is, in essence, whether the jury's verdict for the appellees was against the manifest weight of the evidence.

Our review of the record shows that the accident, which actually involved a series of collisions, occurred on the arch-shaped Lima Avenue overpass of State Route 15, in Findlay, Ohio. The initial collision was between cars driven by appellant and appellee Kelly Rahe. There was conflicting evidence as to who caused the accident. In essence, the appellant presented evidence attempting to show that the appellees were legally responsible for causing the accident, and the appellees produced evidence attempting to show the contrary.

For example, appellant testified he was driving slowly up the overpass and was suddenly confronted by the Rahe vehicle which was spinning and sliding backwards. He said he came "to a complete stop or what would be substantially a complete stop," but could not avoid being hit. On the other hand, Kelly Rahe testified she was driving slowly because of the snow on the roads. She indicated that as she neared the crest of the overpass, she slid and was hit from behind by the appellant. Appellee Freeman's wife testified she saw the appellant's car hit the Rahe vehicle and "then he came back into our front fender and door."

For our purposes, the important fact is that the jury's verdict is amply supported by the record. Given the above-noted testimony, and similar evidence, we find the jury's verdict was supported by competent, credible evidence going to all the essential elements of the case. Accordingly, for the reasons stated in *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261], we find the jury's verdict and the trial court's judgment were not against the manifest weight of the evidence.

The final issue presented by appellant is whether the actions of the courts below were consistent with our holding in *Wilfong* v. *Batdorf, supra.* In *Wilfong*, we held, among other things, that the principles of comparative negligence, consistent with the provisions of R.C. 2315.19, apply to all negligence actions tried after June 20, 1980, regardless of when plaintiff's claim for relief arose. Appellant's claim for relief arose in December 1978, and the case was tried in November 1982.

This case was litigated on the basis of contributory negligence, rather than comparative negligence as required by R.C. 2315.19. Thus, the case before us was not tried in accordance with *Wilfong, supra.*

However, this has no significance here. Like contributory negligence,

the doctrine of comparative negligence, consistent with the provisions of R.C. 2315.19, is a defense to a claim for relief for negligence. Its application is triggered by the fact finder's determination that the defendant, as well as the plaintiff, was negligent.

In this case the jury's answers to interrogatories show that *none* of the parties to the accident was negligent. While we today reaffirm our holding in *Wilfong, supra,* we nevertheless find that the application by the trial court of the principles of contributory negligence, rather than those of comparative negligence as required by *Wilfong, supra,* did not constitute error because the jury found that *none* of the parties to the accident was negligent.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY and C. BROWN, JJ., concur.

LOCHER, HOLMES and WRIGHT, JJ., concur in part and dissent in part.

LOCHER, J., concurring in part and dissenting in part. Although I concur with the result in this case, I dissent to that portion of the opinion which embraces retrospective application of Ohio's comparative negligence statute for the reasons set forth in my dissent in *Wilfong* v. *Batdorf* (1983), 6 Ohio St. 3d 100, 105-107.

HOLMES, J., concurring. I agree with the concurring statement below upon the basis of my dissent in *Wilfong* v. *Batdorf* (1983), 6 Ohio St. 3d 100, 107.

WRIGHT, J., concurring in part and dissenting in part. I concur in the reasoning and the result in this case. However, I cannot in good conscience concur in the portion of the opinion which cites *Wilfong* v. *Batdorf* (1983), 6 Ohio St. 3d 100. R.C. 1.48 provides, "A statute is presumed to be prospective in its operation unless expressly made retrospective." There is no doubt in my mind that Ohio's comparative negligence statute should have been applied prospectively.