# MALLEY

v.

# YOUNGSTOWN STATE UNIVERSITY.

Court of Claims of Ohio.

No. 93–12349.

Decided Feb. 21, 1995.

*Robert C. Paxton III, Philip K. Hartman* and *James M. Henshaw,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Rosa P. Wright,* Assistant Attorney General, for defendant.

---

Russell Leach, Judge.

This matter was tried before the court on the sole issue of liability. Plaintiff's cause of action is based upon injuries she sustained from a fall while in defendant's parking garage. Plaintiff Catherine Malley alleges that defendant

negligently maintained the tarmac of the parking garage where she fell. The following opinion is rendered by the court upon consideration of the pleadings, and evidence and testimony elicited during trial.

On the morning of December 30, 1994, plaintiff drove to Youngstown State University in order to attend classes as a nontraditional student. Plaintiff, who is a registered nurse of thirty-seven years, sought to expand her education by attending classes at the university. Upon arriving at the university, plaintiff parked her car on level B of defendant's multi-level campus parking garage. The garage was of concrete construction with the different tiers of the garage structurally supported by concrete columns. Although plaintiff had previously parked her car in this garage, she had never parked her car in this particular area of level B.

After parking her car, plaintiff proceeded to walk toward the exit of the garage. The direction that she chose to follow from her car was in a straight line to the exit. This course took her across an empty loading area for trucks. Plaintiff chose not to follow the longer route along the pedestrian walkway which was clearly marked with signs displayed on the support columns of the garage. While crossing this loading area of the garage en route toward the exit, plaintiff stepped into a hole in the pavement of the garage floor and fell forward. As she fell, she struck a concrete support pillar with her head, right arm, and left knee. Richard Daugherty, another student in the parking garage, observed plaintiff lying on the ground with one shoe off and went to her assistance. Subsequently, plaintiff received medical attention for her injuries.

■ Plaintiff's cause of action is one founded on the alleged negligent maintenance of defendant's parking garage tarmac. In an action predicated on negligence, the plaintiff bears the burden to prove by a preponderance of the evidence that defendant owed a duty to plaintiff, there was a breach of that duty, and the breach of that duty was a direct and proximate cause of her injury. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467.

■ The duty of care owed to plaintiff as a student of a state university is that of an invitee. *Baldauf v. Kent State Univ.* (1988), 49 Ohio App.3d 46, 550 N.E.2d 517. An owner of premises owes a duty to exercise ordinary and reasonable care to protect invitees from an unreasonable risk of physical harm of which the owner knows or has reason to know of its existence. *Perry v. Eastgreen Realty Co.* (1978), 53 Ohio St.2d 51, 7 O.O.3d 130, 372 N.E.2d 335.

■ The legal concept of notice is of two distinguishable types: actual and constructive.

"The distinction between actual and constructive notice is in the manner in which notice is obtained or assumed to have been obtained rather than in the

amount of information obtained. Wherever from competent evidence the trier of the facts is entitled to hold as a conclusion of fact and not as a presumption of law that information was personally communicated to or received by a party, the notice is actual. Constructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197–198, 47 O.O. 231, 233, 105 N.E.2d 429, 431.

■ Although there is no evidence of actual notice in the record, the parking garage in which plaintiff fell was regularly patrolled by university employees. Also, each deck of the parking garage was regularly inspected by university employees. The hole in question, approximately 8″ × 12″ and 3″ deep, was the largest of three closely positioned holes in the surface of the garage located in the loading zone. Gene Wainio, the university safety administrator at the time of plaintiff's fall, testified that the hole was readily "apparent."

■ The court finds that defendant is charged with constructive notice of the risk presented by the hole in the parking garage pavement. Furthermore, the court finds that defendant's failure to protect her from this risk constitutes a breach of the duty of care owed to plaintiff.

■ Once defendant is found to be negligent, the issue of plaintiff's contributory negligence may be raised. 70 Ohio Jurisprudence 3d (1986) 146, Negligence, Section 165. It is axiomatic in Ohio jurisprudence that plaintiff has a duty to exercise ordinary care for her own safety.

■ Plaintiff chose to walk to the exit by the straightest route possible from her parked car. Disregarding a clearly marked pedestrian walkway, she crossed a loading area and suffered the heretofore described injury. The court finds that plaintiff breached her duty to exercise reasonable care for her own safety.

■ Once both plaintiff and defendant are found to be negligent, the doctrine of comparative negligence is triggered. *Seeley v. Rahe* (1985), 16 Ohio St.3d 25, 16 OBR 374, 475 N.E.2d 1271. Ohio's comparative negligence statute, R.C. 2315.19, apportions the damages between plaintiff and defendant where defendant's negligence equals or exceeds that of plaintiff's negligence. The court finds that plaintiff and defendant were equally negligent in causing the resulting injuries to plaintiff.

This action was tried before the court on September 19, 1994. The court has considered the evidence and rendered a decision filed herein. Judgment is rendered in favor of plaintiff and against defendant. A conference will be scheduled in the near future to establish a date for a trial on damages.

*Judgment for plaintiff.*