THE STATE EX REL. BUNTING, APPELLANT, *v.* HAAS, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Bunting v. Haas,* 105
Ohio St.3d 381, 2005-Ohio-2161.]

(No. 2004–1837—Submitted April 13, 2005—Decided May 18, 2005.)

————

**Per Curiam.**

{¶ 1} This is an appeal of an order denying a motion for a show-cause contempt order against three appellate judges. We affirm.

{¶ 2} In August 2000, the Scioto County Court of Common Pleas convicted appellant, Paul Edward Bunting, of one count of rape and six counts of sexual battery and sentenced him to prison. On appeal, the court of appeals affirmed. *State v. Bunting* (May 29, 2001), Stark App. No. 2000CA00286, 2001 WL 698368.

{¶ 3} In November 2002, Bunting filed an application to adduce newly discovered evidence in the trial court. The trial court treated Bunting's application as a petition for postconviction relief and dismissed it.

{¶ 4} In February 2003, Bunting filed an "Amendment of the Application to Adduce Newly Discovered Evidence presented as a 'Petition for Post–Conviction Relief Remedy.'" In June 2003, Bunting moved for a ruling on his February 2003 petition for postconviction relief. On September 24, 2003, after appellee Stark County Common Pleas Court Judge John G. Haas failed to rule on the petition, Bunting filed a complaint in the Court of Appeals for Stark County for a writ of procedendo to compel Judge Haas to rule on his petition and to issue findings of fact and conclusions of law. On October 31, 2003, the court of appeals dismissed Bunting's complaint for a writ of procedendo.

{¶ 5} On appeal, "we reverse[d] the judgment of the court of appeals insofar as the court erroneously dismissed Bunting's procedendo claim requesting a ruling on his February 3, 2003 petition for post-conviction relief and remand[ed] the cause for further proceedings on that claim." *State ex rel. Bunting v. Haas,* 102 Ohio St.3d 161, 2004-Ohio-2055, 807 N.E.2d 359, ¶ 12. We affirmed the remainder of the judgment. Id. In our May 2004 mandate, we ordered the court of appeals to carry our judgment into execution.

{¶ 6} On September 9, 2004, Bunting filed a motion in the court of appeals asking the three court of appeals judges who had ruled against him to show cause why they should not be punished for failure to obey this court's mandate. Bunting claimed that the court of appeals was in contempt of our mandate because it had not granted the writ of procedendo. On September 17, 2004, the court of appeals denied Bunting's motion.

{¶ 7} This cause is now before the court upon Bunting's appeal as of right.

{¶ 8} Bunting asserts that appellees, the three court of appeals judges, failed to show cause why they should not be held in contempt of our May 2004 mandate because the court of appeals has not issued the writ of procedendo he requested. For the following reasons, Bunting's contention lacks merit.

{¶ 9} First, Bunting should have moved for a show-cause contempt order in this court instead of in the court of appeals. We are in the best position to determine whether our mandate has been disobeyed. *State ex rel. Bitter v. Missig* (1995), 72 Ohio St.3d 249, 252, 648 N.E.2d 1355 ("The court that issued the order sought to be enforced is in the best position to determine if that order has been disobeyed").

{¶ 10} Second, contrary to Bunting's claim, our May 2004 mandate did not order the court of appeals to grant a writ of procedendo to compel Judge Haas to rule on Bunting's February 2003 postconviction-relief petition. We simply reversed the court of appeals' dismissal of this procedendo claim and directed that court to conduct further proceedings on that claim.

{¶ 11} Based on the foregoing, the court of appeals did not err in denying Bunting's motion for a show-cause contempt order. Moreover, insofar as Bunting claimed that Judge Haas had still not ruled on Bunting's February 2003 petition, an entry attached to appellees' merit brief establishes that Judge Haas did so on November 12, 2004. Finally, Bunting also has adequate remedies at law to raise his claim that he never received notice of the November 12, 2004 judgment. See, e.g., *State ex rel. Bennett v. White* (2001), 93 Ohio St.3d 583, 584, 757 N.E.2d 364. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Paul Edward Bunting, pro se.

John D. Ferrero Jr., Stark County Prosecuting Attorney, and Amy S. Andrews, Assistant Prosecuting Attorney, for appellees.