THE STATE EX REL. NEW CONCEPT HOUSING, INC., ET AL., APPELLANTS, *v.* METZ, JUDGE, APPELLEE.

[Cite as *State ex rel. New Concept Hous., Inc. v. Metz,*

123 Ohio St.3d 457, 2009-Ohio-5862.]

*Procedendo — Adequate remedy by way of appeal precludes writ.*

(No. 2009-0926 — Submitted November 4, 2009 — Decided

November 10, 2009.)

APPEAL from the Court of Appeals for Hamilton County, No. C-080986.

_____

**Per Curiam.**

{¶ 1}  We affirm the judgment denying the petition of appellants, New Concept Housing, Inc., and George B. Stewart, for a writ of procedendo to compel appellee, a Hamilton County Court of Common Pleas judge, to issue a declaratory judgment concerning certain matters and to resolve all matters discussed in a prior appeal in the same case.

{¶ 2}  Appellants had an adequate remedy to raise their contentions by way of appeal from the common pleas court's June 10, 2008 judgment that they challenge,  and, in fact, they did so.  See *New Concept Hous., Inc. v. United Dept. Stores*, Hamilton App. No. C-080504, 2009-Ohio-2259.  "[P]rocedendo is not appropriate when the party seeking the writ has an adequate remedy in the ordinary course of law, e.g., appeal."  *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, 865 N.E.2d 1289, ¶ 43.

{¶ 3}  The trial court's declaratory judgment was a final, appealable order because it affected the substantial rights of the parties, resolved the pertinent issues, and did not contemplate further action.  Cf. id. at ¶ 45; see also *Gen. Acc.*

*Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266, paragraph two of the syllabus ("A declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which affects a substantial right is a final appealable order").

**{¶ 4}** Insofar as appellants argued that the common pleas court judge had failed to comply with a decision of the court of appeals in a prior appeal, that same appellate court's denial of their procedendo claim and affirmance of the trial court's June 2008 declaratory judgment established otherwise. See *State ex rel. Pyle v. Bessey*, 112 Ohio St.3d 119, 2006-Ohio-6514, 858 N.E.2d 383, ¶ 12 ("The court of appeals was in the best position to determine whether Judge Bessey violated its mandate in *Pyle I*, and it concluded that he had not done so by affirming the judgment in *Pyle II* and dismissing Pyle's writ action").

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Gonzalez, Saggio & Harlan, L.L.P., Robert R. Furnier, and Rasheed A. Simmonds; and Taft, Stettinius & Hollister, L.L.P., and John B. Nalbandian, for appellants.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Christian J. Schaeffer, Assistant Prosecuting Attorney, for appellee.

_____