[Cite as *State ex rel. Mullins v. Curran*, 2011-Ohio-1312.]

STATE OF OHIO, MAHONING COUNTY
IN THE COURT OF APPEALS
SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE, ex rel. LISA MULLINS, ADMINISTRATRIX OF THE ESTATE OF CHARLES MULLINS, DECEASED | ) ) ) ) | CASE NO. 10 MA 76 |
| RELATOR | ) ) | |
| VS. | ) ) | OPINION AND JUDGMENT ENTRY |
| THE HONORABLE THOMAS P. CURRAN, MAHONING COUNTY COURT OF COMMON PLEAS, SITTING BY ASSIGNMENT, et al. | ) ) ) ) ) | |
| RESPONDENTS | ) | |

CHARACTER OF PROCEEDINGS: Relator's Petitions for Writs of Prohibition and Mandamus

JUDGMENT: Writ of Prohibition Granted.
Writ of Mandamus Denied.

APPEARANCES:
For Relator: Atty. Patrick C. Fire
721 Boardman-Poland Road
Boardman, Ohio 44512

For Respondents: Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Gina DeGenova Bricker
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Intervenors: Atty. Douglas G. Leak
Roetzel & Andress, L.P.A.
One Cleveland Center, Suite 900
1375 East Ninth Street
Cleveland, Ohio 44114

Atty. Thomas A. Treadon
Roetzel & Andress, L.P.A.
222 South Main Street
Akron, Ohio  44308

JUDGES:
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated:  March 14, 2011

PER CURIAM.

{1}    Relator, Lisa Mullins, Administrator of the Estate of Charles Mullins ("Lisa Mullins"), has filed writs of prohibition and mandamus in this original action. She is seeking to prevent Respondents, the Honorable Thomas P. Curran ("Judge Curran") and the Mahoning County Court of Common Pleas ("Common Pleas Court") from conducting a jury trial to determine, for a second time, whether the negligence of Dr. Gregory McDaniel ("Dr. McDaniel") and Comprehensive Pediatric and Adult Medicine, Inc. ("Comprehensive") proximately caused the death of Charles Mullins in the underlying wrongful death action.  Previously, in *Mullins v. Comprehensive Pediatric and Adult Medicine, Inc.*, 2004 CV 1597, a jury found that Dr. McDaniel was negligent in his treatment of Charles Mullins' drug addiction and this negligence was a proximate cause of Charles Mullins' death, and awarded damages to the estate in the amount of $420,000.00, plus prejudgment interest.  The trial court refused to instruct the jury on the alleged comparative negligence of Charles Mullins and his wife, Lisa Mullins, who is a beneficiary of the estate.  Following the verdict, Comprehensive and Dr. McDaniel filed a motion for new trial based on the trial

court's refusal to give any comparative negligence instruction, but the motion for new trial was denied.

{2} On appeal, Comprehensive and Dr. McDaniel argued that the trial court erred in refusing to give a comparative negligence instruction with respect to Charles and Lisa Mullins. Comprehensive and Dr. McDaniel also challenged the trial court's decision to disqualify their expert based on the physician's previous relationship with the estate. Finally, Comprehensive and Dr. McDaniel argued that the trial court abused its discretion when it awarded prejudgment interest. We decided that evidence in the record created an issue of fact as to whether Lisa Mullins ignored Dr. McDaniel's alleged instructions to take Charles Mullins to the hospital on the day that he died. Consequently, the trial court should have instructed the jury on the comparative negligence of Lisa Mullins. We affirmed the judgment of the trial court as to the remaining issues on appeal, with the exception of prejudgment interest, which we concluded was a moot issue due to our decision on the motion for new trial.

{3} On remand, Judge Curran expressed his intention to retry the negligence action against Comprehensive and Dr. McDaniel, rather than submit the sole issue of Lisa Mullins' negligence to a jury. (3/24/10 J.E., p. 1.) In this original action, Lisa Mullins argues that the trial court's intended course of action is contrary to our mandate. She argues that the jury's verdict on the negligence claim against Comprehensive and Dr. McDaniel and the damages award in the amount of $420,000 was affirmed on appeal, and that we remanded this case for a new trial solely on the issue of Lisa Mullins' comparative negligence. Respondents filed a motion to dismiss the case predicated on the arguments that the common pleas court

cannot be sued, and that Relator has an adequate remedy at law: an appeal following the retrial. Because the common pleas court cannot be sued, as a matter of law the motion to dismiss is sustained in part as it relates to the common pleas court. Because the trial court judge does not have authority to deviate from the mandate of this Court, the petition for the writ of prohibition barring a retrial of the negligence action against Comprehensive and Dr. McDaniel is granted.

{4} As an initial matter, we agree with Respondents that the common pleas court is not a proper party in this original action. A court is not sui generis. "A court is defined to be a place in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law." *Todd v. United States* (1895), 158 U.S. 278, 284, 15 S.Ct. 889, 891, 39 L.Ed. 982. Absent express statutory authority, a court can neither sue nor be sued. *State ex rel. Cleveland Municipal Court v. Cleveland City Council* (1973), 34 Ohio St.2d 120, 296 N.E.2d 544. Consequently, Respondents' motion to dismiss is sustained in part, with respect to the common pleas court.

{5} Turning to the substantive issues in this case, it is important to note the unique procedural framework of the underlying wrongful death action. Despite their comparative negligence allegations against Lisa Mullins, Comprehensive and Dr. McDaniel never joined her as a party defendant. Therefore, regardless of the resolution of the comparative negligence issue in the future jury trial, Lisa Mullins cannot be liable to the estate for damages. However, because Ms. Mullins is a real party in interest by virtue of her status as a beneficiary of Charles Mullins, her alleged comparative negligence "is a partial defense [ ] as to [her] share of the right to

recovery of damages, but does not constitute a defense to the right of [other beneficiaries] to recover damages." *Shinaver v. Szymanski* (1984), 14 Ohio St.3d 51, 56, 471 N.E.2d 477. In other words, although Ms. Mullins cannot be liable to the estate for damages, the failure to join her as a party defendant does not prevent the reduction of her right to recover damages as a beneficiary to the extent that the jury finds her actions constituted a proximate cause of Charles Mullins' death.

{6} In order to obtain a writ of prohibition, the petitioner must prove: (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power; (2) the exercise of that power is unauthorized by law; and (3) denying a writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267. The existence of an adequate remedy is immaterial to the issuance of a writ of prohibition, however, if a court is completely without jurisdiction to proceed. *State ex. rel. Sanquily v. Lucas Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 78, 573 N.E.2d 606.

{7} For a writ of mandamus to issue, the relator must establish a clear legal right to the requested relief, a corresponding clear legal duty on the part of respondent to provide it, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Stanley v. D'Apolito*, 7th Dist. No. 10MA66, 2010-Ohio-3371, ¶12.

{8} A trial court hearing a case on remand has no authority, absent extraordinary circumstances, to deviate from the mandate of the superior court. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 462 N.E.2d 410; *State ex rel. Potain v.*

*Mathews* (1979), 59 Ohio St.2d 29, 391 N.E.2d 343. A writ of prohibition is an appropriate remedy to prevent a lower court from proceeding contrary to such a mandate. See *State ex rel. TRW, Inc. v. Jaffe* (1992), 78 Ohio App.3d 411, 604 N.E.2d 1376 (writ of prohibition issued to prevent new trial on issue of damages for fraud); see also *State ex rel. Potain*, supra, at 345.

{9} In C*harles R. Combs Trucking, Inc. v. Internatl. Harvester Co.* (1984), 12 Ohio St.3d 241, 466 N.E.2d 883, the Ohio Supreme Court recognized the general rule that "App.R. 12(D) and Civ.R. 42(B) together authorize a court of appeals to order a retrial of only those issues which resulted in prejudicial error." Id., paragraph one of the syllabus. "App.R. 12(D) vests the court with the necessary authority to order a trial court to exercise its powers under Civ.R. 42(B) to separately try any claim or issue, when such separation is 'in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy.' Civ.R. 42(B)." *Mast v. Doctor's Hospital North* (1976), 46 Ohio St.2d 539, 541-542, 350 N.E.2d 429.

{10} Although the Ohio Supreme Court later observed that the syllabus of *Combs* is not mandatory, it explained that "the rationale authorizing reviewing courts to order a limited remand implicitly recognizes the need for appellate courts to carefully exercise their discretion to determine the appropriate scope of remand." *State Farm Fire & Cas. Co. v. Chrysler Corp.* (1988), 37 Ohio St.3d 1, 5, 523 N.E.2d 489; see also, *State ex. rel. Smith v. O'Connor* (1995), 71 Ohio St.3d 660, 662-663, 646 N.E.2d 1115, citing Whiteside, Ohio Appellate Practice (1994) 91, Section T 7.05(C) ("When a case is remanded for retrial, Appellate Rule 12[D] in conjunction

with Civil Rule 42[B] permits the court of appeals to allow error-free issues to stand, and limit retrial to those issues, claims, or defenses which in the original trial resulted in prejudicial error.").

{11} Cognizant of our authority to limit the issues on remand, we issued the following judgment entry in *Mullins v. McDaniel,* supra: "It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio is affirmed in part and reversed in part. This cause is remanded to the trial court for further proceedings according to law and consistent with this Court's Opinion." (3/19/09 J.E.) Our Opinion clearly states that the trial court's failure to instruct the jury on the alleged comparative negligence of Lisa Mullins constituted error, and, accordingly, the matter was remanded for the purpose of a new trial on that issue. It is also apparent in the Opinion that we affirmed the trial court's refusal to instruct the jury on Charles Mullins' alleged comparative negligence, as well as the trial court's decision to disqualify the expert whose testimony was offered by Comprehensive and Dr. McDaniel.

{12} If it was our intention to order a new trial on all of the issues presented in the case, the foregoing assignments of error would have been rendered moot. The only issue that we concluded was moot on appeal was the assignment of error relating to the trial court's decision on prejudgment interest. Prejudgment interest is a post-judgment matter, and, in the unlikely event that the trial court chose to revisit the issue following the new trial on the alleged comparative negligence of Lisa Mullins, we determined that it would be imprudent for us to consider the issue prior to the entry of the final judgment in this case. Accordingly, it is clear from our Opinion that

the judgment against Comprehensive and Dr. McDaniel was affirmed, and that the only issue remaining for trial is the alleged comparative negligence of Lisa Mullins.

{13} Comprehensive and Dr. McDaniel are in no way prejudiced by the limited remand. At the time of Charles Mullins' death, Ohio followed the law of joint and several liability. Senate Bill 120, effective April 9, 2003, substantially altered the law of joint and several liability in Ohio. However, prior to the enactment of Senate Bill 120, "[t]he doctrine of joint and several liability * * * ha[d] long been a part of the common law of Ohio." *Bowling v. Heil Co.* (1987), 31 Ohio St.3d 277, 286, 511 N.E.2d 373. The general rule of joint and several liability provides that "where damage is caused by the joint or concurrent wrongful acts of two or more persons, they may be prosecuted therefor jointly or severally." Id., quoting *Transfer Co. v. Kelly* (1880), 36 Ohio St. 86, 90. Even if the jury had been instructed on the comparative negligence of Ms. Mullins, the total damages amount awarded by the jury for Charles Mullins' death would not have been affected.

{14} The only issue that the trial court was instructed to consider on remand was the comparative negligence of Lisa Mullins. Thus, a new trial that also encompasses the negligence of Comprehensive and Dr. McDaniel would be contrary to our mandate. See *State ex. rel. Smith*, supra. (Ohio Supreme Court relies on appellate court's interpretation of its own mandate when denying writ).

{15} Respondents argue that even if the trial court has misinterpreted our mandate, Relator has an adequate remedy at law, that is, she may appeal the trial court's decision to retry the entire matter following the second jury trial. The Eighth District Court of Appeals rejected the same argument in *State ex. rel. TRW*, supra. In

that case, the Eighth District issued a writ of prohibition to enjoin the trial court from retrying the issue of damages on the fraud claim in the underlying case. The dispute in the prohibition case arose from competing interpretations of a remand order issued by the Ohio Supreme Court in the underlying case. The Eighth District reviewed the opinion issued by the Ohio Supreme Court in the underlying case and ultimately agreed with the interpretation of the judgment advanced by the petitioner. In granting the writ, the Eighth District observed, "[w]hether or not TRW has an adequate remedy by appeal is irrelevant, since we find that respondent is completely without jurisdiction to proceed with a new trial on the issue of damages for fraud." Id. at 415. The same is true here.

{16} For the foregoing reasons, Respondents' Motion to Dismiss is sustained in part, with respect to the Mahoning County Common Pleas Court, and overruled in part, with respect to Judge Curran. The petition for the writ of prohibition is granted and Judge Curran is prohibited from retrying the negligence case against Comprehensive and Dr. McDaniel. The request for the writ of mandamus is denied as moot.

{17} Costs taxed against Respondents. Final order. Clerk to serve notice as provided by the Civil Rules.

Waite, J., concurs.

Vukovich, P.J., concurs.

DeGenaro, J., concurs.