THE STATE EX REL. MULLINS, ADMR., APPELLEE, *v.* CURRAN, JUDGE, ET AL.;
MCDANIEL ET AL., APPELLANTS.

[Cite as *State ex rel. Mullins v. Curran,* 131 Ohio St.3d 441, 2012-Ohio-685.]

*Court of appeals erred in granting writ of prohibition to prevent judge from*
*retrying negligence issue on remand—Trial court did not patently and*
*unambiguously disregard the court of appeals' mandate.*

(No. 2011-0580—Submitted December 7, 2011—Decided February 23, 2012.)

APPEAL from the Court of Appeals for Mahoning County,

No. 10 MA 76, 2011-Ohio-1312.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment of the court of appeals granting a writ of prohibition to prevent Judge Thomas P. Curran, a visiting judge sitting in the Mahoning County Court of Common Pleas, from conducting a jury trial in a wrongful-death action to determine, for the second time, whether appellants, Gregory McDaniel, M.D., and Comprehensive Pediatric & Adult Medicine, Inc. ("Comprehensive"), were negligent, resulting in the death of their patient, Charles Mullins. Because the court of appeals erred in determining that a retrial of the negligence claim against Dr. McDaniel and Comprehensive patently and unambiguously violated the court's mandate in a prior appeal, we reverse the judgment of the court of appeals and deny the writ.

**Facts**

Underlying Complaint and Verdict

{¶ 2} In May 2004, appellee, Lisa Mullins, the widow and administrator of the estate of Charles Mullins, filed a complaint in the Mahoning County Court of Common Pleas in her fiduciary capacity, alleging that McDaniel and

Comprehensive had been negligent in their medical treatment of Charles Mullins, resulting in his death. In May 2007, following a trial, the jury returned a verdict of $420,000 in favor of the estate and against McDaniel and Comprehensive. The jury determined that McDaniel had been negligent in his treatment of Charles Mullins and that the doctor's negligence was a proximate cause of Charles's death.

### Appeal of Jury Verdict

{¶ 3} McDaniel and Comprehensive appealed the judgment entered upon the jury verdict. *See Mullins v. Comprehensive Pediatric & Adult Medicine, Inc.*, 7th Dist. No. 07 MA 144, 2009-Ohio-1310, 2009 WL 737915. In their first assignment of error, McDaniel and Comprehensive asserted that the trial court had abused its discretion by refusing to submit to the jury their proposed instruction on the alleged contributory negligence of Lisa and Charles Mullins. *Id.* at ¶ 62-63. The court of appeals sustained this assignment of error in part, holding that the trial court had abused its discretion by refusing to instruct the jury on Lisa Mullins's alleged contributory negligence. *Id.* at ¶ 86. The court of appeals also sustained appellants' second assignment of error—that the trial court had abused its discretion by denying their motion for new trial. *Id.* at ¶ 87-91. In the concluding paragraph of the court of appeals' opinion, the court stated, "Because we have sustained Appellants' first assignment of error in part and their second assignment of error in full, *we hereby remand this matter to the trial court for further proceedings* according to law and consistent with this Opinion." (Emphasis added.) *Id.* at ¶ 102.

{¶ 4} The appellate court's mandate issued March 20, 2009, included the language "this cause is remanded to the trial court for further proceedings."

### Remand to Trial Court and Filing of Writ

{¶ 5} On remand, Lisa Mullins filed a motion asking the trial court to apply the decision of the court of appeals as the law of the case by holding, inter

2

alia, that McDaniel was negligent, that his negligence was a proximate cause of the death of Charles Mullins, and that the jury verdict of $420,000 was still in effect. Judge Curran specified in a March 24, 2010 entry that the issue of the medical negligence of McDaniel and Comprehensive would be retried before the jury at the same time that the issue of the alleged contributory negligence of Lisa Mullins would be tried. He stated that he believed that the retrial he ordered "follow[ed] the decision of the Ohio Court of Appeals in every respect."

{¶ 6} On May 6, 2010, Lisa Mullins, in her capacity as administrator of her deceased husband's estate, filed a complaint in the court of appeals for (1) a writ of prohibition to prevent Judge Curran and the Mahoning County Court of Common Pleas from proceeding contrary to the court of appeals' mandate in *Mullins*, 7th Dist. No. 07 MA 144, 2009-Ohio-1310, 2009 WL 737915, by retrying the issue of the medical negligence of McDaniel and Comprehensive at a second jury trial and to allow the jury to again determine the damages and (2) a writ of mandamus to, among other things, compel the trial court to limit the new trial to the issue of the alleged contributory negligence of Lisa Mullins. Judge Curran and the common pleas court filed a motion to dismiss, and McDaniel and Comprehensive intervened and filed a motion to dismiss.

{¶ 7} On March 14, 2011, the court of appeals granted a writ of prohibition to prevent Judge Curran from retrying the negligence issue in the case against McDaniel and Comprehensive.

{¶ 8} This cause is now before the court upon McDaniel and Comprehensive's appeal as of right from the judgment granting the writ of prohibition.

## Legal Analysis

{¶ 9} Extraordinary relief in prohibition will not lie if the party requesting it has an adequate remedy in the ordinary course of law. *See State ex rel. Skyway*

*Invest. Corp. v. Ashtabula Cty. Court of Common Pleas*, 130 Ohio St.3d 220, 2011-Ohio-5452, 957 N.E.2d 24, ¶ 10.

{¶ 10} Judge Curran reasonably concluded from the court of appeals' mandate in *Mullins*, 2009-Ohio-1310, 2009 WL 737915, that a retrial of the wrongful-death case, including the negligence claim against McDaniel and Comprehensive, was warranted. The court of appeals' mandate does not expressly restrict or otherwise limit the new trial to the contributory-negligence issue. And in both the court of appeals' mandate and the concluding paragraph of its opinion in *Mullins*, 2009-Ohio-1310, 2009 WL 737915, the court of appeals sustained appellants' second assignment of error—that the court of appeals had abused its discretion by denying their motion for new trial—"in full," which implies an unrestricted new trial on the issue of negligence.

{¶ 11} Because the issue concerning whether the court of appeals' mandate was being disobeyed has been raised in the context of an action for extraordinary relief in prohibition, our duty " 'is limited to determining whether jurisdiction is *patently and unambiguously* lacking.' " (Emphasis added.) *Goldberg v. Maloney*, 111 Ohio St.3d 211, 2006-Ohio-5485, 855 N.E.2d 856, ¶ 45, quoting *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 2005-Ohio-3804, 831 N.E.2d 1003, ¶ 28.

{¶ 12} Because the mandate did not specifically limit the retrial so as to preclude the jury's consideration of the negligence claim against McDaniel and Comprehensive and because the court of appeals' opinion in *Mullins*, 2009-Ohio-1310, 2009 WL 737915, was unclear on the scope of the retrial, Judge Curran did not patently and unambiguously disregard the court of appeals' mandate. Lisa Mullins, in her capacity as administrator of her late husband's estate, has an adequate remedy in the ordinary course of law by appeal after retrial to raise her contention that the court of appeals intended—as is clear now from that court's opinion in this prohibition case—that the retrial be so limited.

**{¶ 13}** Because the court of appeals did not include clearer language in its mandate and opinion, McDaniel and Comprehensive reasonably concluded that the court's opinion in the appeal was in their favor on the point of a new trial in which their alleged negligence would be reassessed with the alleged contributory negligence of Lisa Mullins. *See State ex rel. Richardson v. Suster*, 130 Ohio St.3d 82, 2011-Ohio-4728, 955 N.E.2d 982, fn. 1, quoting *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.*, 140 Ohio St. 160, 42 N.E.2d 758 (1942), syllabus (" 'Appeal lies only on behalf of a party aggrieved by the final order appealed from' "). If we were to affirm the judgment of the court of appeals granting the writ of prohibition, McDonald and Comprehensive would be barred by res judicata from challenging the substantive merits of the court of appeals' decision to order a limited retrial.

**{¶ 14}** We will not interpret the law-of-the-case doctrine in this extraordinary-writ context to reach this untenable result. *See Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404, 659 N.E.2d 781 (1996), quoting *State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32, 391 N.E.2d 343 (1979) (" 'The [law-of-the-case] doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results' "); *see also State ex rel. Estate of Miles v. Piketon*, 121 Ohio St.3d 231, 2009-Ohio-786, 903 N.E.2d 311, ¶ 30, citing *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491, 756 N.E.2d 657 (2001) ("The binding effect of res judicata has been held not to apply when fairness and justice would not support it").

## Conclusion

**{¶ 15}** Based on the foregoing, the court of appeals erred in granting the writ of prohibition to prevent Judge Curran from retrying the negligence case against McDaniel and Comprehensive when he was not acting in patent and unambiguous disregard of the court of appeals' mandate in the prior appeal. Therefore, we reverse the judgment of the court of appeals and deny the writ.

Judgment reversed

and writ denied.

O'CONNOR, C.J., and LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., concur separately.

PFEIFER, J., dissents.

_____

**LUNDBERG STRATTON, J., concurring.**

{¶ 16} I agree with the majority that Judge Curran did not patently and unambiguously lack jurisdiction to retry the entire negligence case. Our review in this matter was limited to that isolated issue. However, I write separately to explain why Judge Curran could have reasonably concluded that a retrial of the negligence claim against McDaniel and Comprehensive was warranted.

{¶ 17} It was reasonable for Judge Curran to conclude that it was necessary to hold a new trial on the entire case because it would be impossible to conduct a trial on only the contributory-negligence claim. Contributory negligence is a defense to a claim for negligence. *Seeley v. Rahe*, 16 Ohio St.3d 25, 27, 475 N.E.2d 1271 (1985). In order to reach a verdict that is consistent with *all* the evidence, the jury must consider and compare the negligence of the different parties, including any evidence of contributory negligence. A jury is unable to assess comparative fault of all parties without reviewing all the factors that comprise a negligence claim or contributory-negligence claim. The court's failure to instruct the jury on contributory negligence was prejudicial to the defendants because the jury was unable to consider whether Mrs. Mullins's alleged negligence contributed to the decedent's death.

{¶ 18} Judge Curran may also have relied on existing case law that supports the view that a new trial on both negligence and contributory negligence is necessary. In *Marshall v. Gibson*, 19 Ohio St.3d 10, 482 N.E.2d 583 (1985), this court concluded that the trial judge had committed prejudicial error in

6

refusing to instruct the jury on comparative negligence. Evidence had been presented during trial to support a charge. Thus, this court reversed the judgment and remanded for a new trial because the original verdict had been based on incomplete and misleading jury instructions. We held that when there is sufficient evidence to support a comparative-negligence charge and the charge is not given, the jury is misled and a retrial of both the negligence claim and the contributory-negligence claim is necessary. *See also Feeney v. Eshack*, 129 Ohio App.3d 489, 494, 718 N.E.2d 462 (9th Dist.1998) (trial court failed to instruct the jury on comparative negligence, making the jury charge as a whole misleading. As a result, the verdict was not responsive to the issues, because jury instructions were incomplete and misleading, and resulting prejudice warranted a new trial); *State Farm Fire & Cas. Co. v. Scandinavian Health Spa, Inc.*, 104 Ohio App.3d 582, 662 N.E.2d 890 (1st Dist.1995).

O'DONNELL, J., concurs in the foregoing concurring opinion.

_____

**PFEIFER, J., dissenting.**

{¶ 19} The court of appeals specified in its decision in the previous appeal that the court was remanding the cause to the trial court "for a new trial on this issue," i.e., the trial court's error in refusing to instruct the jury on the alleged contributory negligence of Lisa Mullins. *Mullins v. Comprehensive Pediatric & Adult Medicine, Inc.*, 7th Dist. No. 07 MA 144, 2009-Ohio-1310, 2009 WL 737915, ¶ 101. Based on the plain language of its previous decision, the court of appeals granted Lisa Mullins a writ of prohibition to prevent Judge Curran from retrying the negligence case against McDaniel and Comprehensive. Today, this court overlooks prior case law in reversing that decision. I dissent.

*Extraordinary Relief*

{¶ 20} "Extraordinary relief is appropriate to require a lower court to comply with and not proceed contrary to the mandate of a superior court." *State*

*ex rel. Jelinek v. Schneider*, 127 Ohio St.3d 332, 2010-Ohio-5986, 939 N.E.2d 847, ¶ 12. This principle is based on the law-of-the-case doctrine, which "is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 15. "The portion of the [law-of-the-case] doctrine generally applied in extraordinary-writ cases provides that '[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.' " *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 394, 678 N.E.2d 549 (1997), quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), syllabus.

{¶ 21} In the previous appeal, the court of appeals remanded for a limited new trial to correct the trial court's error in refusing to instruct the jury on the alleged contributory negligence of Lisa Mullins. *Mullins*, 2009-Ohio-1310, 2009 WL 737915, ¶ 101-102. The court of appeals was authorized to limit the retrial to correct that error. *State ex rel. Smith v. O'Connor*, 71 Ohio St.3d 660, 662-663, 646 N.E.2d 1115 (1995), quoting Whiteside, *Ohio Appellate Practice,* Section T 7.05(C), 91 (1994); *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 88 Ohio St.3d 577, 579, 728 N.E.2d 395 (2000).

{¶ 22} Appellants claim and this court concludes that the court of appeals' decision in *Mullins*, 2009-Ohio-1310, 2009 WL 737915, did not limit the retrial to the contributory-negligence issue. According to the plain language of the court's decision, retrial was clearly limited. *Id.* at ¶ 101-102. In its decision granting the writ of prohibition, the court of appeals reaffirmed the limited scope of the remand in the court's mandate in the prior appeal: " 'It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio is affirmed in part and reversed in part. This cause is remanded to

the trial court for further proceedings according to law and consistent with this Court's Opinion.'" *State ex rel. Mullins v. Curran*, 7th Dist. No. 10 MA 76, 2011-Ohio-1312, 2011 WL 977047, ¶ 11, quoting the mandate issued as a result of *Mullins*, 2009-Ohio-1310, 2009 WL 737915. It is obvious that the court of appeals did not remand for a full retrial; rather, it is quite plain that the retrial was to be limited according to the language in the opinion.

**{¶ 23}** In its decision granting the writ of prohibition, the court of appeals explained the obviousness of the limited retrial based on language from its original decision:

> Our Opinion clearly states that the trial court's failure to instruct the jury on the alleged comparative negligence of Lisa Mullins constituted error, and, accordingly, the matter was remanded for the purpose of a new trial on that issue. It is also apparent in the Opinion that we affirmed the trial court's refusal to instruct the jury on Charles Mullins' alleged comparative negligence, as well as the trial court's decision to disqualify the expert whose testimony was offered by Comprehensive and Dr. McDaniel.
>
> If it was our intention to order a new trial on all of the issues presented in the case, the foregoing assignments of error would have been rendered moot. The only issue that we concluded was moot on appeal was the assignment of error relating to the trial court's decision on prejudgment interest. Prejudgment interest is a post-judgment matter, and, in the unlikely event that the trial court chose to revisit the issue following the new trial on the alleged comparative negligence of Lisa Mullins, we determined that it would be imprudent for us to consider the issue prior to the entry of the final judgment in this case. Accordingly, it is clear from our

Opinion that the judgment against Comprehensive and Dr. McDaniel was affirmed, and that the only issue remaining for trial is the alleged comparative negligence of Lisa Mullins.

Comprehensive and Dr. McDaniel are in no way prejudiced by the limited remand. At the time of Charles Mullins' death, Ohio followed the law of joint and several liability. * * * Even if the jury had been instructed on the comparative negligence of Ms. Mullins, the total damages amount awarded by the jury for Charles Mullins' death would not have been affected.

The only issue that the trial court was instructed to consider on remand was the comparative negligence of Lisa Mullins. Thus, a new trial that also encompasses the negligence of Comprehensive and Dr. McDaniel would be contrary to our mandate.

(Record reference omitted.) *State ex rel. Mullins*, 2011-Ohio-1312, 2011 WL 977047, ¶ 11-14.

### *Interpreting a Mandate*

{¶ 24} We have consistently recognized in the context of writ cases that the court that issued the mandate that is claimed to have been disregarded is in the best position to interpret the mandate. *State ex rel. New Concept Hous., Inc. v. Metz*, 123 Ohio St.3d 457, 2009-Ohio-5862, 917 N.E.2d 796, ¶ 4; *State ex rel. Obojski v. Perciak*, 113 Ohio St.3d 486, 2007-Ohio-2453, 866 N.E.2d 1070, ¶ 18; *State ex rel. Bunting v. Haas*, 105 Ohio St.3d 381, 2005-Ohio-2161, 826 N.E.2d 840, ¶ 9; *State ex rel. Borden v. Hendon*, 96 Ohio St.3d 64, 2002-Ohio-3525, 771 N.E.2d 247, ¶ 9. Here, the same three judges of the court of appeals that presided over the previous appeal presided over the subsequent writ case and concluded that the trial court judge had disregarded the plain language of their mandate in *Mullins*, 2009-Ohio-1310, 2009 WL 737915, by ordering a retrial of the

negligence claims against McDaniel and Comprehensive that had been previously resolved. *State ex rel. Mullins*, 2011-Ohio-1312, 2011 WL 977047. By second-guessing the court of appeals judges' determination that Judge Curran disregarded their mandate and opinion in *Mullins*, 2009-Ohio-1310, 2009 WL 737915, the majority ignores our longstanding precedent.

{¶ 25} Although I am persuaded that our well-established precedent dictates an affirmance of the court of appeals' judgment in this appeal, this conclusion is not made without reservations. First, I question whether it was even appropriate for the court of appeals in *Mullins*, 2009-Ohio-1310, 2009 WL 737915, ¶ 74-86, to consider the contributory-negligence claim against Lisa Mullins, when she was never joined as a party defendant by appellants. Also, I share the concern of appellants—and the implicit concern of my colleagues—that under the limited remand ordered by the court of appeals in *Mullins*, 2009-Ohio-1310, 2009 WL 737915, it would be difficult for a jury to consider the alleged contributory negligence of Lisa Mullins without simultaneously considering the negligence of appellants. But because these substantive issues from the prior appeal in *Mullins*, 2009-Ohio-1310, 2009 WL 737915, are not before us in this appeal from the extraordinary-writ action, I would adhere to our established case law and affirm the judgment of the court of appeals granting the writ of prohibition.

_____

Patrick C. Fire, for appellee.

Roetzel & Andress, L.P.A., Douglas G. Leak, and Thomas A. Treadon, for appellants.

Giorgianni Law, L.L.C., and Paul Giorgianni, urging affirmance for amicus curiae, Ohio Association for Justice.

_____