Lundberg Stratton, J.,
concurring.
{¶ 16} I agree with the majority that Judge Curran did not patently and unambiguously lack jurisdiction to retry the entire negligence case. Our review in this matter was limited to that isolated issue. However, I write separately to explain why Judge Curran could have reasonably concluded that a retrial of the negligence claim against McDaniel and Comprehensive was warranted.
*445 {¶ 17} It was reasonable for Judge Curran to conclude that it was necessary to hold a new trial on the entire case because it would be impossible to conduct a trial on only the contributory-negligence claim. Contributory negligence is a defense to a claim for negligence. Seeley v. Rahe, 16 Ohio St.3d 25, 27, 475 N.E.2d 1271 (1985). In order to reach a verdict that is consistent with all the evidence, the jury must consider and compare the negligence of the different parties, including any evidence of contributory negligence. A jury is unable to assess comparative fault of all parties without reviewing all the factors that comprise a negligence claim or contributory-negligence claim. The court’s failure to instruct the jury on contributory negligence was prejudicial to the defendants because the jury was unable to consider whether Mrs. Mullins’s alleged negligence contributed to the decedent’s death.
{¶ 18} Judge Curran may also have relied on existing case law that supports the view that a new trial on both negligence and contributory negligence is necessary. In Marshall v. Gibson, 19 Ohio St.3d 10, 482 N.E.2d 583 (1985), this court concluded that the trial judge had committed prejudicial error in refusing to instruct the jury on comparative negligence. Evidence had been presented during trial to support a charge. Thus, this court reversed the judgment and remanded for a new trial because the original verdict had been based on incomplete and misleading jury instructions. We held that when there is sufficient evidence to support a comparative-negligence charge and the charge is not given, the jury is misled and a retrial of both the negligence claim and the contributory-negligence claim is necessary. See also Feeney v. Eshack, 129 Ohio App.3d 489, 494, 718 N.E.2d 462 (9th Dist.1998) (trial court failed to instruct the jury on comparative negligence, making the jury charge as a whole misleading. As a result, the verdict was not responsive to the issues, because jury instructions were incomplete and misleading, and resulting prejudice warranted a new trial); State Farm Fire & Gas. Co. v. Scandinavian Health Spa, Inc., 104 Ohio App.3d 582, 662 N.E.2d 890 (1st Dist.1995).
O’Donnell, J., concurs in the foregoing concurring opinion.