Pfeifer, J.,
dissenting.
{¶ 19} The court of appeals specified in its decision in the previous appeal that the court was remanding the cause to the trial court “for a new trial on this issue,” i.e., the trial court’s error in refusing to instruct the jury on the alleged contributory negligence of Lisa Mullins. Mullins v. Comprehensive Pediatric & Adult Medicine, Inc., 7th Dist. No. 07 MA 144, 2009-Ohio-1310, 2009 WL 737915, ¶ 101. Based on the plain language of its previous decision, the court of appeals granted Lisa Mullins a writ of prohibition to prevent Judge Curran from retrying *446 the negligence case against McDaniel and Comprehensive. Today, this court overlooks prior case law in reversing that decision. I dissent.

Extraordinary Relief

{¶ 20} “Extraordinary relief is appropriate to require a lower court to comply with and not proceed contrary to the mandate of a superior court.” State ex rel. Jelinek v. Schneider, 127 Ohio St.3d 332, 2010-Ohio-5986, 939 N.E.2d 847, ¶ 12. This principle is based on the law-of-the-case doctrine, which “is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.” Hopkins v. Dyer, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 15. “The portion of the [law-of-the-case] doctrine generally applied in extraordinary-writ cases provides that ‘[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.’ ” State ex rel. Dannaher v. Crawford, 78 Ohio St.3d 391, 394, 678 N.E.2d 549 (1997), quoting Nolan v. Nolan, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984), syllabus.
{¶ 21} In the previous appeal, the court of appeals remanded for a limited new trial to correct the trial court’s error in refusing to instruct the jury on the alleged contributory negligence of Lisa Mullins. Mullins, 2009-Ohio-1310, 2009 WL 737915, ¶ 101-102. The court of appeals was authorized to limit the retrial to correct that error. State ex rel. Smith v. O’Connor, 71 Ohio St.3d 660, 662-663, 646 N.E.2d 1115 (1995), quoting Whiteside, Ohio Appellate Practice, Section T 7.05(C), 91 (1994); State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs., 88 Ohio St.3d 577, 579, 728 N.E.2d 395 (2000).
{¶22} Appellants claim and this court concludes that the court of appeals’ decision in Mullins, 2009-Ohio-1310, 2009 WL 737915, did not limit the retrial to the contributory-negligence issue. According to the plain language of the court’s decision, retrial was clearly limited. Id. at ¶ 101-102. In its decision granting the writ of prohibition, the court of appeals reaffirmed the limited scope of the remand in the court’s mandate in the prior appeal: “ ‘It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio is affirmed in part and reversed in part. This cause is remanded to the trial court for further proceedings according to law and consistent with this Court’s Opinion.’ ” State ex rel. Mullins v. Curran, 7th Dist. No. 10 MA 76, 2011-Ohio-1312, 2011 WL 977047, ¶ 11, quoting the mandate issued as a result of Mullins, 2009-Ohio-1310, 2009 WL 737915. It is obvious that the court of appeals did not remand for a full retrial; rather, it is quite plain that the retrial was to be limited according to the language in the opinion.
*447 {¶ 23} In its decision granting the writ of prohibition, the court of appeals explained the obviousness of the limited retrial based on language from its original decision:
Our Opinion clearly states that the trial court’s failure to instruct the jury on the alleged comparative negligence of Lisa Mullins constituted error, and, accordingly, the matter was remanded for the purpose of a new trial on that issue. It is also apparent in the Opinion that we affirmed the trial court’s refusal to instruct the jury on Charles Mullins’ alleged comparative negligence, as well as the trial court’s decision to disqualify the expert whose testimony was offered by Comprehensive and Dr. McDaniel.
If it was our intention to order a new trial on all of the issues presented in the case, the foregoing assignments of error would have been rendered moot. The only issue that we concluded was moot on appeal was the assignment of error relating to the trial court’s decision on prejudgment interest. Prejudgment interest is a post-judgment matter, and, in the unlikely event that the trial court chose to revisit the issue following the new trial on the alleged comparative negligence of Lisa Mullins, we determined that it would be imprudent for us to consider the issue prior to the entry of the final judgment in this case. Accordingly, it is clear from our Opinion that the judgment against Comprehensive and Dr. McDaniel was affirmed, and that the only issue remaining for trial is the alleged comparative negligence of Lisa Mullins.
Comprehensive and Dr. McDaniel are in no way prejudiced by the limited remand. At the time of Charles Mullins’ death, Ohio followed the law of joint and several liability. * * * Even if the jury had been instructed on the comparative negligence of Ms. Mullins, the total damages amount awarded by the jury for Charles Mullins’ death would not have been affected.
The only issue that the trial court was instructed to consider on remand was the comparative negligence of Lisa Mullins. Thus, a new trial that also encompasses the negligence of Comprehensive and Dr. McDaniel would be contrary to our mandate.
(Record reference omitted.) State ex rel. Mullins, 2011-Ohio-1312, 2011 WL 977047, ¶ 11-14.

Interpreting a Mandate

{¶ 24} We have consistently recognized in the context of writ eases that the court that issued the mandate that is claimed to have been disregarded is in the *448 best position to interpret the mandate. State ex rel. New Concept Hous., Inc. v. Metz, 123 Ohio St.3d 457, 2009-Ohio-5862, 917 N.E.2d 796, ¶ 4; State ex rel. Obojski v. Perciak, 113 Ohio St.3d 486, 2007-Ohio-2453, 866 N.E.2d 1070, ¶ 18; State ex rel. Bunting v. Haas, 105 Ohio St.3d 381, 2005-Ohio-2161, 826 N.E.2d 840, ¶ 9; State ex rel. Borden v. Hendon, 96 Ohio St.3d 64, 2002-Ohio-3525, 771 N.E.2d 247, ¶ 9. Here, the same three judges of the court of appeals that presided over the previous appeal presided over the subsequent writ case and concluded that the trial court judge had disregarded the plain language of their mandate in Mullins, 2009-Ohio-1310, 2009 WL 737915, by ordering a retrial of the negligence claims against McDaniel and Comprehensive that had been previously resolved. State ex rel. Mullins, 2011-Ohio-1312, 2011 WL 977047. By second-guessing the court of appeals judges’ determination that Judge Curran disregarded their mandate and opinion in Mullins, 2009-Ohio-1310, 2009 WL 737915, the majority ignores our longstanding precedent.
Patrick C. Fire, for appellee.
Roetzel & Andress, L.P.A., Douglas G. Leak, and Thomas A. Treadon, for appellants.
Giorgianni Law, L.L.C., and Paul Giorgianni, urging affirmance for amicus curiae, Ohio Association for Justice.
{¶ 25} Although I am persuaded that our well-established precedent dictates an affirmance of the court of appeals’ judgment in this appeal, this conclusion is not made without reservations. First, I question whether it was even appropriate for the court of appeals in Mullins, 2009-Ohio-1310, 2009 WL 737915, ¶ 74-86, to consider the contributory-negligence claim against Lisa Mullins, when she was never joined as a party defendant by appellants. Also, I share the concern of appellants — and the implicit concern of my colleagues — that under the limited remand ordered by the court of appeals in Mullins, 2009-Ohio-1310, 2009 WL 737915, it would be difficult for a jury to consider the alleged contributory negligence of Lisa Mullins without simultaneously considering the negligence of appellants. But because these substantive issues from the prior appeal in Mullins, 2009-0hio-1310, 2009 WL 737915, are not before us in this appeal from the extraordinary-writ action, I would adhere to our established case law and affirm the judgment of the court of appeals granting the writ of prohibition.